## RICHARDS *v.* McMILLAN *et al.*

In a confession of judgment, the omission to fully comply with the statute to set forth explicitly the facts and circumstances upon which the debt was incurred, does not *ipso facto* make the judgment void; it merely throws the burden of proof on the judgment creditor, if his judgment is contested by other creditors, of proving that his judment was fair and not fraudulent.

But such a failure to make all the disclosures required by the statute, is *prima facie* evidence of fraud.

APPEAL from the District Court of the Twelfth Judicial District.

The plaintiff, a judgment creditor of Andrew Randall, filed his bill in equity against Randall and Robert McMillan, praying for an injunction restraining the latter from all proceedings under a judgment confessed by Randall in favor of McMillan.    The Court below granted an order to show cause, but on its return denied the injunction.    The defendant, McMillan, filed an answer, averring that the judgment was confessed in his favor by Randall upon an actual *bona fide* debt.    The Court below entered judgment for defendant, dismissing plaintiff's bill. Plaintiff appealed.

By the record, it appears that the question of fraud is waived, the allegations of the answer being admitted, and the appellant relying upon the failure to set forth, in the confession of judgment, the facts and circumstances upon which the debt arose, for which judgment is confessed.

The recital of the confession of judgment are that the indebtedness arose upon a promissory note made by Randall to McMillan, " said promissory note being now due and unpaid," and further stating that " the

sum, by me above confessed, is justly due to said Robert McMillan, in pursuance of the facts above set forth."

*John Reynolds* and *S. F. Reynolds* for Appellant.

1. That the statement on which the judgment was confessed by defendant Randall to the defendant McMillan, is not sufficient for that purpose, inasmuch as it does not state the facts out of which the debt, for which such judgment was confessed, arose. Chappel *v.* Chappel, 2 Kernan R., 215; Lawless *v.* Hackett, 16 Johns. R., 149; Latham *v.* Lawrence, 6 Halstead R., 322; Plummer *v.* Plummer, 7 How. Prac. R., 62, 446; Bayndin *v.* Johnson, 11 How. Prac. R., 503.

2. A promissory note is not a debt, nor a fact out of which a debt can arise. It is only the written evidence of a debt, given for a pre-existing debt. 2 Kernan's Reps., 215; 6 Halstead Reps., 322; Strong on Promissory Notes, § 104; and if not paid at maturity, or when due, an action may be had upon the original debt, on returning the note. Bailey on Bills, 363, 369; 2 N. H. Reps., 525; 6 Cranch R., 253, 264; 6 Tenn. Reps., 52; 9 Conn. R., 23; 8 Johns. Reps., 389; 3 Pick., R., 12.

3. The statement does not show that the sum confessed therefor is justly due, or to become due. The statement is : "That the sum by me above confessed, is due in pursuance of the facts above set forth." There are no facts "above set forth," and if there were, he has not sworn that those facts are true.

*Williams, Shafter & Park,* for Respondent.

1. It is assumed by the appellant that the Act requires the facts out of which the *debt* arose to be stated.

But such is not the true construction.

The word "it" is used five times in the section, (P. Act, § 375,) and in every instance refers, not to the indebtedness, but to the *statement*, or the facts out of which the *confession* arises. It would do some violence to the idiom of the language to say "money due arose."

The case of Plummer *v.* Plummer, 7 Pr. Rept., decided at Chenango, special term of Supreme Court, August, 1852, (Voorhies, 4 ed., 557f,) is against us—and is in point.

But in Mann *et al. v.* Brooks, 7 Pr. Rept., 450, decided at Saratoga, special term of Supreme Court, February, 1853, (Voorhies, 4th ed., 559,) where the statement was of the same facts, the opposite conclusion was arrived at, and was unanimously affirmed at the general term of the Supreme Court held at Albany by Justices Watson, Parker and Wright, May, 1853. 8 Pr. Rept., 40.

The decision was the same in Whitney *v.* Kenyon, 7 Pr. Rept., 459, Oswego special term of Supreme Court, March, 1853, and on the same state of facts.

In Murray *v.* Sands, Court of Appeals, October, 1853, the same question was presented on the same facts, and the Court simply *queried.*

Richards *v.* McMillan.

In Chappel *v.* Chappel, 2 Ker., 216—Court of Appeals, March term—the Court was divided.

The conflict in the decisions on this question is clearly traceable to a difference of opinion among the Judges as to the object of the provision requiring a statement.

Thus in Plummer *v.* Plummer, it is assumed to have been made "for the protection of the creditors of the judgment debtor."

But in Park *v.* Church, 5 Pr. Rept., 381, it is held that the provision is directory merely.

In Mann *v.* Brooks, 7 Pr. R., 452, it is denied that the protection of creditors is the purpose.

In Whitney *v.* Kenyon, 7 Pr. R., 459, it is held that the provision is model merely, and is intended merely to regulate the form of proceeding.

The latter is the better opinion, for the statute does not enact that a failure to comply with the formula shall make the judgment fraudulent and void as to creditors, as did the N. Y. statute of 1818—6 J. Ch. Rep., 433 ; and see the reasoning—7 Pr. Rep., 459.

To hold that the facts out of which the *debt* arose should be detailed, would lead to infinite prolixity.

In case of a note, the law presumes a consideration, and this presumption is inseparable from the paper ; and it would be a solecism to hold that that should be specially stated which the law universally intends.

No greater fullness or precision should be required in the statement, than is required in a complaint by the rules of pleading. Subjecting the statement to this test, it will be found to be sufficient.

2. But if the statement be defective, it is an irregularity merely. In short, the omitted matter is not a condition of *jurisdiction* as to the Court, nor a condition of *title* to the creditor. Griffin *v.* Mitchell, 2 Cow., 548.

Being an irregularity merely, the judgment is neither fraudulent nor void. Whitney *v.* Kenyon, 7 Pr. R., 458–9 ; Mann *et al. v.* Brooks, 7 Pr. R., 452.

And not being such, chancery has no power to interfere. Shottenkirk *v.* Wheeler, 3 J. Ch., 277 ; 4 J. Ch., 85 ; Arrington *et al. v.* Sherry *et al.*, 5 Cal., October Term, 1855.

If the statute requires anything more to be stated than the facts upon which the legal liability directly arises, the requirement is merely directory. Smith's Com. on Stats., § 679.

That the requirement is not of the "essence" of the thing, appears from the decision in Arrington *v.* Sherry.

In 2 Cow., 548, it was held not to be of the essence even as to creditors, except upon the ground that it was made *imperative* as to them by positive provision.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Justice TERRY concurred.

The complainant contends that the defendant's judgment against Randall is void, because it was a judgment by confession, and the statute regulating such confessions of judgment was not strictly pursued. The answer to this is, that conceding the irregularity for the purpose of the argument, yet the statute affixes no such consequence to it as to make the judgment a nullity. The intention of the Legislature was to prevent fraudulent confessions, but this cannot be attained by destroying virtuous judgments, although their preliminary proceedings may be affected by irregularity. This view is not at all destructive of the wholesome operation of the statute, for it is clear to our minds that when the statute is not strictly pursued it is *prima facie* evidence of fraud, and this because where a party fails to make all the disclosures required by the Act, the presumption is that he has something to conceal. But this presumptive evidence, like all presumptions, can be rebutted. It merely throws upon the plaintiff the burthen of proving that his judgment was fair, and not fraudulent.

In this case, upon the proofs and stipulations, there is no pretence of actual fraud, and the fairness of the transaction is specifically conceded.

Judgment affirmed.