## McKENTY v. GLADWIN, HUGG & CO., (C. K. GARRISON et al. INTERVENORS.)

It is too late to raise an objection in this Court, for the first time, that certain parties could not intervene in a suit pending in the District Court, when such objection was not made in the Court below.

If a party, by ante-dating a promissory note, and making it draw interest from date, secures to himself a certain sum of money, not justly due to him for any past or present consideration, he takes that much from the other creditors, and they are just as much injured as if that amount had been included as a part of the principal sum itself.

The Statute of Frauds makes every bond or other evidence of debt, given with intent to hinder, delay, or defraud creditors, void.

If a part of the sum, secured to be paid by the promissory note, whether principal or interest, is illegal, the note must defraud creditors, if enforced, and is, therefore, void, under the positive provisions of the statute.

Where a note is ante-dated for the purpose of making it draw interest, for which there is no consideration, it is void as to creditors.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

A statement of the facts, sufficient to understand the points decided, appears in the opinion of the Court.

*Crockett, Baldwin and Crittenden,* for Appellants.

1. The Court erred in refusing the instructions asked—the ante-dating of the note sued on—the manufacture of a present cause of action out of debts not due—the converting of an accommodation contingent liability into a debt due; the adding into the large note the amount of note held by Sather & Church as collateral; the adding in interest at two and a half per cent. from the date of the note, when none was due;—the secret agreement that plaintiff should sue out attachment by way of securing the debt;—these facts, appearing without explanation, were a fraud in law upon the other creditors. 1 S. & P., 139 ; 9 Porter, 39 ; Chenery v. Palmer, 6 Cal. R:, 5 ; 4 John., 356 ; 15 Ib., 458 ; 8 Ala., 694 ; 7 Ala., 142 ; 14 Ala., 537 ; 9 Ala., 704 ; see, also, Taaffe v. Josephson, 7 Cal. R., 352.

2. The Court erred, for the same reasons, in the instructions given.

*J. A. McDougall* for Respondent.

1. The matters alleged in the complaint of intervention, gave the intervenors no standing as parties litigant, and they neither had nor have a right to resist a recovery by McKenty. Practice Act, § 659 ; Story's Eq. Pl., §§ 345, 346, and 347.

2. It is said the note is fraudulent because ante-dated. For the rule upon this point, we refer to Story Prom. Notes, § 48 ;

Brewster *v.* McCardell, 8 Wend., 278; Powell *v.* Waters, 8 Cowen, 687; Brewster *v.* Bours, 8 Cal. R., 501.

It is clearly and distinctly laid down that neither ante nor post-dating a note raises the presumption of fraud.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The plaintiff commenced his suit by attachment, and seized certain goods and chattels of defendants. The intervenors also sued in attachment, and levied their writ upon the same goods; and then intervened, upon the ground that the claim of plaintiff was fraudulent as against creditors. The plaintiff had judgment in the Court below, and the intervenors appealed.

It is objected, by the learned counsel for the plaintiff, that Garrison and others could not intervene in this suit. But it is unnecessary to examine that question, as the objection was not raised in the Court below. The intervention was filed; and the plaintiff answered, simply denying the allegations contained therein. The parties went to trial upon the issues made, and it is now too late to object, for the first time, that the proper mode of proceeding was not adopted by the intervenors. The facts alleged, if true, entitle the intervenors to relief in some form; and if the plaintiff had any objection to the mere form of the proceeding, he should have made the objection at the proper time.

Having disposed of this objection, we come to the merits of the controversy. The note upon which plaintiff predicated his suit, was for the sum of $25,912 50; and was executed on the fifteenth or sixteenth of June, 1857, but ante-dated to the fourth of June, and drawing interest, from date, at the rate of two and one-half per cent. per month until paid. The entire consideration for which the note was given, was composed of eight distinct items, three of which, amounting to about $12,000, were due July 3, 1857, and the other five were due June 19, 1857, and no portion of these items was drawing any interest. At the time the note was given, the plaintiff was expressly informed that the defendants were insolvent, and that other attachments would be issued in a few days.

The Court instructed the jury, in part, as follows:

" Including the interest in the note did not destroy its validity, but it would be good to the extent of the money due thereon, for sales, and amounts paid by plaintiff upon his endorsements; if any part of the note was added to the amount due plaintiff, and included in it, with the intent of benefiting defendants, or hindering or delaying creditors, it would render the entire note void."

In the case of Taaffe *v.* Josephson, (7 Cal. R., 352,) we had occasion to examine the questions arising in the present case.

We think it must be conceded that under the authorities cited in that case, if any portion of the consideration of a note be fraudulent, the entire note is void, as against creditors. It must also be conceded that the *interest* included in the note sued upon in this case is as much a part of the sum for which the note was given as the principal sum itself. The interest would enter into and swell the amount of the judgment to be rendered upon the note. It is clear that if there was no consideration for a part of the principal sum for which the note was given, the whole note would be void. And we cannot see why the same rule would not justly apply to the interest. If a party, by ante-dating a note, and making it draw interest from date, secures to himself a certain sum of money not justly due to him for any past or present consideration, he takes that much from the other creditors; and they are just as much injured as if that amount had been included as part of the principal sum itself. The result is the same, though the mode of accomplishing it be different. The law intended to defeat a certain end. It makes every bond or other evidence of debt, given with intent to hinder, delay, or defraud creditors, void. (§ 20.) If a part of the sum, secured to be paid by the note itself, (whether principal or interest,) is illegal, the note must defraud creditors, if enforced, and is, therefore, void, under the positive provisions of the statute.

In this case, it was only necessary to determine two questions : *First*, was there any consideration for the interest, secured to be paid by this note ? If there was no legal consideration for this interest, and the note should be enforced according to *its terms*, it would unjustly take from the other creditors, and give to plaintiff the amount. *Second*, was this result *knowingly intended* by the plaintiff ?

In regard to the first question, the proof is conclusive. The plaintiff himself was examined as a witness by the intervenors, and Mr. Hugg, one of the defendants, was examined as a witness for the plaintiff, and from their testimony, it was clear that the entire consideration for which the note was given was composed of certain known and specified items, not one of which was due, and not one of which drew interest. And, as to the second question, we can not see how there could exist a doubt. If we take it to be true, for the sake of the argument only, that the plaintiff intended to collect this interest, knowing at the time that none of the demands he held against the plaintiff drew interest, and, therefore, that he was not entitled to any, it is difficult to conceive how the intervenors could more conclusively prove the fact of such intention than they did by the testimony of the plaintiff himself, and the defendant Hugg. The eight different items, constituting together the entire principal sum for which the note was given, were clearly known to plaintiff, who added them together, and himself drew the note. It must have

been known to plaintiff that none of these items were due, and that none of them drew interest. That he intended to collect the interest, and appropriate it to himself, is clear from his own testimony : "I do not know why I dated it on the fourth of June, except that I would receive ten days interest on the amount." * * "I do not know that I had any other motive for ante-dating than that I should receive interest for the ten days." And, when suit was brought upon the note, the prayer of the complaint was for judgment, including principal and interest.

It must be conceded that the plaintiff, in his testimony, stated the facts very fairly and correctly. There seems to have been no intention, on his part, to evade the truth. His mistake was in supposing that the law would justify him in taking a note bearing interest in substitution for debts that bore none. His mistake seems one of law, and not of fact. But the law is inflexible that this is no excuse.

The proof in this case was so very clear, that the jury must have been misled by the instructions of the Court. The Court instructed them positively that "including the interest in the note did not destroy its validity, but it would be good to the extent of the money due thereon, for sales and amounts paid by plaintiff upon his endorsements." What follows after this, in the instruction given, is not sufficiently clear to qualify the principle previously stated, in terms as strong and without exception.

It is unnecessary to decide the other points discussed by counsel.

Judgment reversed, and cause remanded for further proceedings.