## CORDIER v. SCHLOSS et al.

*Richards* v. *McMillan*, (6 Cal. 419) holding that the omission, in a confession of judgment, to state the facts out of which the indebtedness arose, etc., strictly in accordance with the statute, does not render the judgment a nullity, but is simply *prima facie* evidence of fraud, affirmed.

A statement, under the three hundred and seventy-fifth section of the Practice Act, for confession of judgment, to the effect that plaintiffs are owners of a note, that the note was given for goods sold and delivered by plaintiffs to defendants, and money had and received by defendants, is insufficient, and the judgment rendered thereon is *prima facie* fraudulent against creditors.

A statement for confession of judgment, to the effect that the indebtedness is upon a *note*, etc., is insufficient. So, where the statement is that the indebtedness is for goods sold and delivered, and money had and received, it is insufficient in this: that it does not show the kind, or quantity, or price of the goods, or time of sale, or when the money was received, or under what circumstances, nor how much of the indebtedness is for money and how much for goods; and the judgment confessed is *prima facie* fraudulent.

Whether each of the defects above named would be fatal to the judgment, not decided; but the failure to state the amounts due, severally, for goods and for money would be fatal, just as such an averment is insufficient in an ordinary complaint.

APPEAL from the Fourth District.

This case was before the Court in January, 1859, and is reported in 12 Cal. 143, where the facts essential to an understanding of the questions decided now may be found. After the return of the cause to the Court below, it was tried upon the issue of actual fraud in the confession of judgment made by Kohn & Brother in favor of Schloss & Heilbroner, plaintiff contending that the judgment was, on its face, *prima facie* fraudulent, and further introducing evidence *aliunde* tending to show that it was actually so. The Court below made the following decree:

"This cause coming on to be heard at this term upon the pleadings and proofs before the Court, sitting without a jury, a jury trial having been expressly waived by the parties, and the counsel for the parties plaintiff and defendants having been heard, and the Court having duly considered the said pleadings, proofs and agreements, and it appearing, among other things, to the Court, that there is no proof that at the time of the entering up of the judgment by confession, in the office of the Clerk of this Court, Feb-

ruary 19th, 1857, in favor of the defendants M. Schloss and Jos. Heilbroner, against the defendants Joseph S. Kohn and Morris Kohn, the said defendants Kohn were in fact indebted to the said defendants Schloss and Heilbroner in any sum of money whatever; and it appearing further, that the said judgment by confession was voluntary and without consideration, and was entered by the procurement of the defendants Kohn, and without the knowledge or authority of the defendants Schloss and Heilbroner, or either of them, and was confessed and caused to be entered by said defendants Kohn with the intent to hinder, delay and defraud the creditors of the defendants Kohn, and among them the plaintiff: it is thereupon ordered," etc.

Defendants Schloss and Heilbroner appeal.

*Shattuck, Spencer & Reichert,* for Appellants.

I. The confession of judgment was a substantial compliance with the statute. The burden of showing fraud was on the plaintiff, and he failed to show it.

The *obiter dictum* in *Richards* v. *McMillan,* (6 Cal. 419) that if the statute was not strictly pursued, it was *prima facie* evidence of fraud, is not good philosophy nor good law. Fraud never depends on the science or accuracy of the pleader. It is either a judgment or a nullity. If a judgment, fraud is not presumed, but must be proven.

II. If the Court holds that the burden was on the defendants to prove the justice of the debt, that has been done. The testimony of Schloss, deposition of Kayser and testimony of Weinchank all tend to show indebtedness; and the deposition upon the cross-interrogatories of the plaintiff exhibits the items from the books, and shows the settlement by note. This proves that there is no fraud.

There is no finding of facts, except the general one that Kohn & Brother were not indebted to the defendants at the time of the confession of the judgment in any sum, and that such confession was a fraud on the plaintiff; and this decision is against the evidence.

III. The former decision of this Court is conclusive of this case.

It was then decided that the proof in that record made a *prima facie* case of indebtedness to the defendants; but it was remanded to enable the plaintiff to rebut that *prima facie* case. This he has failed to do.

*Eugene Casserly,* for Respondent.

I. The judgment confessed by the defendants Kohn, in favor of the defendants Schloss and Heilbroner, was insufficient under the statute respecting confessions of judgment, and *prima facie* fraudulent and void.

The statement violates the statute in all three of its essential requirements.

1. It is not signed by either of the defendants; their signature to the verification will not answer.

2. It does not " authorize the entry of judgment for a specified sum." The exact amount must be named, and not left to be calculated, as interest or otherwise, by the Clerk.

3. The statement does not " state concisely the facts out of which the indebtedness arose," etc., nor show that the " sum confessed therefor is justly due." (Pr. Act, secs. 374–376; New York Code, secs. 382–384; Byles on Bills, 241; Wood's Dig. 551; *Scales* v. *Scott,* 13 Cal. 76–79; *McKenty* v. *Gladwin,* 10 Id. 227; *Chappel* v. *Chappel,* 2 Kenn. 215, 217–19; *Dunham* v. *Waterman,* 17 N. Y. 9, 12, 14; *Bonnell* v. *Henry,* 13 How. 142; *Park* v. *Church,* 5 Id. 381; *Kendall* v. *Hodgins,* 1 Bosw. 659, 661; *Norris* v. *Denton,* 30 Barb. 118, 121–2; *Winnebrenner* v. *Edgerton,* 30 Id. 185, 187, 188; *Plummer* v. *Plummer,* 7 How. 62, per Mason, J. quoting from Report of Commissioners on N. Y. Code; *Johnson* v. *Fellerman,* 13 Id. 21, note; *Davis* v. *Morris,* 21 Barb. 152; *Boyden* v. *Johnson,* 11 How. 503, 504–5; *Von Beck* v. *Shuman,* 13 Id. 472, 473–4; *Gandal* v. *Finn,* 23 Barb. 652, 653–4; *Clements* v. *Geron,* 30 Id. 325, 330; *Moody* v. *Townsend,* 3 Abbott, 376; *Neusbaum* v. *Keim,* 7 Id. 23, 25; 1 Hilton, 320; *Purdy* v. *Upton,* 10 How. 494, 495–6; *Marshall* v. *Upton,* Id. 497; *Stebbins* v. *M. E. Church,* 12 Id. 410, 413–14–15–16; *Rae* v. *Lawsen,* 18 Id. 23, 24; *Claflin* v. *Sawyer,* 17 Id. 574–6.)

Cordier *v.* Schloss.

The statement speaks of " money had and received by the defendants ;" but it does not show how much was " had and received," nor from whom, nor under what circumstances, nor to whose use. " Money had and received " is, of all the common counts in assumpsit, that one which, on its face, furnishes the least possible information to a third party.

In 1 Cow. Treat. 148–160, the author has filled thirteen pages with a mere list of the cases in which it has been held to lie ; and from 161–166, six pages more, with the list of the cases in which it has been held not to lie. A formula so general can hardly be considered as being " a statement of facts out of which the indebtedness arose," under the statute.

In *Buckingham* v. *Waters*, (14 Cal. 146–147–8) a count in a complaint was held bad on demurrer, in which, as in the statement here, several counts or causes of action were jumbled together promiscuously. If such a form of allegation is bad as a pleading in a Court of general jurisdiction, *a fortiori* in a statement on confession.

II. The statement on confession being defective, the judgment entered thereon is *prima facie* fraudulent and void as against creditors. (*Richards* v. *McMillan*, 6 Cal. 149 ; *Cordier* v. *Schloss*, 12 Id. 143–46–7.)

This *prima facie* fraud, is fraud in fact—actual fraud, as distinguished from legal fraud. (*Richards* v. *McMillan*, 6 Cal. 422.)

Being fraud in fact, it is, unless removed by evidence, obnoxious to all the penalties inflicted by law on that kind of fraud ; one of which is that a fraud in a part avoids the whole of the security, so that the latter will not be allowed to stand for any purpose whatever. (*Scales* v. *Scott*, 13 Cal. 76, 78–9 ; *McKenty* v. *Gladwin*, 10 Id. 227 ; *Sands* v. *Codwise*, 4 Johns. 482 ; 8 Ves. 283, per Eldon, Ld. Ch. ; *Vernon* v. *Averill*, 8 Dana, 247 ; *Van Nest* v. *Yoe*, 1 Sandf. Ch. 11, quoting and approving last case ; *Fiedler* v. *Day*, 2 Sandf. Sup. C. 596–7 ; *Webb* v. *Daggett*, 2 Barb. 9 ; *Boyd* v. *Dunlap*, 1 Johns. Ch. 482.)

III. The presumption of fraud thus raised has not been dispelled by the appellants.

Upon this point the decree is distinct. It finds " that there is

no proof that at the time of the entering up of the judgment by confession, in the office of the Clerk of this Court, February 19th, 1857, in favor of the appellants M. Schloss and Joseph Heilbroner, against the defendants Joseph S. Kohn and Morris Kohn, the said defendants Kohn were in fact indebted to the said defendants Schloss and Heilbroner in any amount of money whatever, and that the judgment was voluntary and without consideration."

This finding (if it can be impeached here) is sufficiently supported by the evidence in the cause.

IV.   The judgment by confession was null and void as against creditors, on the further ground, that it was the sole and voluntary act of the debtors therein, and was entered up by them without the authority, knowledge or consent of the creditors therein, the appellants.

BALDWIN J. delivered the opinion of the Court—FIELD, C. J. concurring.

This case was before us at the January term, 1859, (12 Cal. 146).   The case was presented, when first here, upon the question whether the failure of the defendants below, who were plaintiffs in the confessed judgment against Kohn & Co., to give a more particular account of the indebtedness confessed, absolutely avoided the judgment—the learned Judge of the Fourth District holding the statement and affidavit to be fatally defective, and, on that account, the judgment a nullity.   In our decision on the case (12 Cal. 147) we reversed the judgment upon this point ; but the effect of the reversal was to leave the case open upon the proofs which the parties might present upon the trial on the issue of fraud.   We recognized the principle affirmed in the case of *Richards* v. *McMillan*, (6 Cal. 147) that the want of a statement fulfilling the requirements of the statute in the description of the indebtedness confessed was *prima facie* evidence of fraud.   This decision does not seem to be satisfactory to the counsel on either side, and we confess, if the case were *res integra*, we should be disposed to hold a rule which would at least have the merit of certainty and be easy of application.   But we have not power, if we had the disposition, to establish a new rule for this case, but must adhere to the princi-

ple before announced.    Indeed, we think it better unreservedly to hold the decision in *Richards* v. *McMillan* as the settled exposition of the statute.

We think the affidavit defective.    The statute, sections 374–5–6 of the Practice Act, requires: 2d, that the statement " shall state concisely *the facts out of which the indebtedness arose,* and shall show that the sum confessed therefor is justly due or to become due."    The statement shows that the plaintiffs are the owners of a note, and that the note was given for goods sold and delivered by plaintiffs to the defendants, and money had and received by defendants ; that the consideration for said note was said money and goods sold by plaintiffs to and received by them the defendants aforesaid."    The New York cases are overwhelming to the point that the mere statement that the indebtedness is by note, etc., is not sufficient.    (See cases cited in respondent's brief.)    The auxiliary statement is likewise defective ; it does not show the kind or quantity or price of the goods, or time of sale, or when the money was received, or under what circumstances, nor how much indebtedness for money and how much for goods.    The object of the statute in requiring this statement is to put the creditors upon the track of inquiry, and to enable them to discover the fraud, if any ; and to discourage perjury by requiring a definite and particular account of the transaction—which might thus be exposed if it were fraudulent.    It is obvious that a vague statement of this sort subserves none of the purposes within the contemplation of the Act. Without asserting that each one of the various defects referred to would be fatal to the judgment, we think that all of them together are.    Indeed, the failure to state the amounts due severally for goods and for money itself would be fatal, as we have held. such an averment insufficient in a common complaint.

It follows, therefore, that the effect of the failure to make the statement required by the statute is to create a *prima facie* intendment of fraud ; and that this cast upon the defendants the burthen of showing by clear and satisfactory proof that no fraud existed.

The Court finds, from a consideration of the entire case, that this presumption of fraud is not rebutted. .

We are not prepared to reverse this finding on the facts.    Leav-

ing out some circumstances of suspicious, or at least, of equivocal import, touching the confession of the judgment, the testimony of the main witness, the bookkeeper of the defendants, seems to be mainly derived from the book, and not to be matters of the personal knowledge of the witness.

Decree affirmed.