### THAYER, ALDRICH & CO.
*v.*
### JOEL K. FINLEY *et al.*

1. PRACTICE—*writ of error, when it lies.* A party may prosecute a writ of error to reverse a judgment in his own favor.

2. SAME—*judgment erroneous if confessed without assent of plaintiff.* On a cognovit, given by a defendant, it is erroneous to enter up a judgment thereon against him, unless with the assent of the plaintiff, or that he appeared in the case by filing a declaration or otherwise, and this the record should show.

3. SAME—*satisfaction of judgment does not affect error in the record.* The fact that a judgment sought to be reversed has been satisfied, does not affect the errors in the record, and to be availed of, it must be pleaded.

ERROR to the Circuit Court of Marion county; the Hon S. L. BRYAN, Judge, presiding.

Finley and Black executed the following warrant of attorney on the 16th of August, 1859, under their hands and seals:

" *Thayer, Aldrich & Co.* vs. *Finley and Black.*

" The said defendants come and waive all informalities,

insufficiencies and irregularities in this suit, and authorized an empower B. B. Smith to appear in court, at its August term, 1859, and confess a judgment against them in their behalf, in favor of said plaintiffs, for the sum of four hundred and forty-one dollars and ninety-eight cents, principal, twenty-two dollars and eighty cents, interest—in total, four hundred and sixty-four dollars and seventy-eight cents."

At the August term, 1859, of the Marion Circuit Court, the following order was entered : " And now at this day come the defendants, by Haynie & Smith, their Att'ys, and waive process and service thereof, and the filing a declaration, and confess that judgment be entered herein against them for the sum of $441.98, and costs. It is therefore ordered and adjudged by the court, that the said plaintiffs do have and recover of and from the defendants herein, said sum of $441.98, together with their costs in this behalf expended, and may have execution therefor."

From this judgment the plaintiffs prosecute this writ of error, and assign as error the following:

1.   The court erred in giving judgment for $441.98, when the plea of confession is for $464.78.

2.   The court erred in giving judgment, the plaintiffs not being present themselves, or by their attorneys.

And on this assignment of errors,

Mr. H. C. GOODNOW, for the Plaintiffs in Error, makes these points :

The authority given by plea of confession must be strictly pursued. Tidd's Prac., vol. 1, 4th Am. ed., p. 552. A party may have his judgment reversed if the judgment below was *ex parte*, and the errors, which render it inoperative, are patent. *Davidson et al.* v. *Bond et al.*, 12 Ill. 85.

Mr. SILAS L. BRYAN, for the Defendants in Error.

The plaintiffs having accepted the judgment and received satisfaction of the same, cannot now reverse it.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This record presents these questions : *first,* can the plaintiff prosecute a writ of error to reverse a judgment in his favor ? and, *second,* is it regular to enter a confession of judgment on a cognovit when the record fails to show an appearance by the plaintiff, or his consent to such entry ?

As to the first question, it has been long settled on principle, and in practice, that a party may reverse a judgment in his own favor.    This is the doctrine of the books.    2 Tidd's Practice, 1134; *Teal* v. *Russell et al.,* 2 Scam. 319; *Jones et al.* v. *Wight et al.,* 4 ib. 338; *Davidson, Adm'x,* v. *Bond et al.,* 12 Ill. 84; *Fuller* v. *Robb,* 26 Ill. 246 ; *Capron* v. *Van Noorden,* 2 Cranch, 126.

As to the second question, we are of opinion, the record should show the confession was with the assent of the plaintiff, or that he appeared in the case by filing a declaration or otherwise.    Were this not so, great injustice might be done the plaintiff by collusion of the defendant with an attorney of the court, by which a judgment, less in amount than the sum really due, might be entered up unknown to the plaintiff, and to his great injury.    The record fails to show that this confession of judgment was with the assent of the plaintiff, or that he was represented in court in any way or form.

The defendants, however, contend that the record shows an execution and a satisfaction of the judgment by the sale of land. To this it may be replied, the execution is no part of the record, or of the judgment on which error is alleged, and cannot be regarded in considering the questions arising on the record.    The proper way to bring the question of satisfaction of the judgment before this court, was by plea.    Like a release it should have been pleaded.

For the errors apparent on the record, the judgment must be reversed and the cause remanded.

*Judgment reversed.*