JEFFERSON WILCOXSON AND JACKSON WILCOX-
    SON *v.* CHAS. H. BURTON, JOHN E. P. SPILL-
    MAN, JOHN B. BURTON, EDWARD McCARTY, AND
    S. MARSHALL, LATE SHERIFF OF SACRAMENTO COUNTY.

NEW TRIAL.—If the evidence is conflicting, a new trial will not be granted on the ground that the findings of the Court are not warranted by the evidence.

FRAUDULENT CONFESSION OF JUDGMENT.—A voluntary confession of a judgment made upon a *bona fide* debt by the debtor in favor of the creditor, without the knowledge of the creditor, and the issuance of an execution thereon at the request of the debtor, and a levy on the debtor's goods by virtue thereof—also without the knowledge of the creditor—for the purpose of enabling the creditor to obtain priority over other creditors of the debtor, is such a fraud upon the other creditors as renders the judgment and levy void, as to an attachment or execution in favor of the other creditors afterwards levied on the same property.

VOLUNTARY JUDGMENTS — WHEN VOID. — A judgment rendered upon confession of the debtor, and at his instance, without any request on the part of the creditor, and without his knowledge, is void as between the parties, and will not bar an action brought by the creditor on the same cause of action, nor will it estop the debtor from denying all the facts set forth in it.

RATIFICATION OF JUDGMENT. — When a debtor confesses judgment without the knowledge or request of the creditor, and the creditor thereafter ratifies it, and attempts to enforce it, it will become binding between the parties to it by force of

the ratification, but such ratification cannot affect rights acquired by other parties prior to the ratification.

CONFESSION OF A JUDGMENT FOR A SUM GREATER THAN IS DUE. — The execution and delivery of a note by the debtor to his creditor for a sum greater than is actually due, for the purpose of defrauding other creditors of the debtor, and the voluntary confession of a judgment on the same by the debtor, renders the judgment fraudulent and void as to the other creditors of the debtor.

WHAT CLAIM IS MERGED BY JUDGMENT. — A judgment by confession merges no claim of the creditor except such as are included in it by some form of direct statement.

ESTOPPEL.—A defendant is estopped from proving the averments of his answer to be false.

STATEMENT CONFESSING JUDGMENT.—If the statement upon which a voluntary confession of judgment is made does not correctly describe the debt, the judgment is void as to the creditors of the judgment debtor.

EVIDENCE OF INDEBTEDNESS INCLUDED IN A VOLUNTARY JUDGMENT. — If a suit is brought to set aside a judgment confessed voluntarily, on the ground that the same is fraudulent, the parties defendant cannot introduce parol evidence to sustain the judgment, which will show that the statement on which it was rendered was false, nor can they introduce parol evidence of items of indebtedness not only not included in the statement, but by implication excluded from it.

NEW TRIAL FOR IRREGULARITY.—If the Court, after a case is submitted, examines books of account as evidence, which have not been given in evidence during the trial, a new trial will not be granted for this irregularity unless it is stated in the record to be one of the grounds on which the motion will be made.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The executions issued on the judgments confessed by Burton & McCarty in favor of C. H. Burton, and Spillman, were levied by Marshall, the Sheriff, on the goods of Burton & McCarty. The plaintiffs commenced suit against Burton & McCarty on their indebtedness, and procured attachments, which were afterwards levied on the same goods.

The other facts are stated in the opinion of the Court.

*J. W. Winans,* for Appellants.

*H. H. Hartley,* for Respondents.

By the Court, SHAFTER, J.

On the second day of October, 1861, a judgment for twenty-four thousand dollars was entered in the District Court of the Sixth Judicial District in favor of C. H. Burton against Bur-

ton & McCarty, defendants herein, upon the following state-
ment, duly entitled and sworn to by them:

"We hereby confess judgment in favor of Charles H. Burton,
plaintiff above named, for the sum of twenty-four thousand
($24,000) dollars, and authorize the entry of judgment against
us therefor, with costs.

" This confession of judgment is for a debt now justly due
from us to plaintiff, arising upon the following facts: Since
the year 1852 up to the present time, plaintiff, Charles H.
Burton, has been a resident of San Francisco, and has during
such time acted as our agent, *i. e.*, agent of firm of Burton &
McCarty, of the City of Sacramento, of which we, John Bur-
ton and E. McCarty, are the members. That as such agent
the plaintiff has from time to time during the period aforesaid
made advances of money upon our account, and rendered ser-
vices unto us ; that upon the 31st of May, 1861, plaintiff and
ourselves accounted together and made a balance sheet of our
transactions to that day ; that thereupon we were found
indebted unto plaintiff in the sum of twenty-seven thousand
dollars ; that thereupon we gave our obligation unto plaintiff
to pay unto him said sum, with interest at the rate of one and
one half per cent per month ; that upon said note there has
been paid the sum of thirty-five hundred dollars.

" J. E. BURTON,
" EDWARD McCARTY."

The said Burton & McCarty on the same day made a further
confession in favor of defendant Spillman, for ten thousand
dollars, in which the facts out of which the indebtedness arose,
are set forth as follows:

" This confession of judgment is for a debt now justly due
from us to plaintiff, arising out of the following facts: The
plaintiff has between the years 1852 to 1857, and from thence
until the present time, with exception of some four months
during the year 1857, been in our (Burton & McCarty's) em-
ploy as salesman, at our place of business. During such period

we have become from time to time indebted unto him for his services, and during such time he has been in the habit of investing with us such moneys as he accumulated, to be used by us in our business. Upon investigating his account with us we find the sum of ten thousand dollars to be justly due him from us."

This action is brought for the purpose of setting aside these judgments, on the ground that they are, respectively, fraudulent and void as to the plaintiffs, creditors of Burton & McCarty.

As to the judgment in favor of C. H. Burton, the complaint charges that at the date of the confession the indebtedness of Burton & McCarty to C. H. Burton did not exceed two thousand dollars at the most; that the confession was made without his knowledge, consent or solicitation, and that no person was duly authorized to accept or receive the same in his name or for his benefit; that the same was made by Burton & McCarty on their own motion, and was filed by them or by their procurement; that they took out execution and caused the same to be levied on their property, and that the said C. H. Burton, who resided in San Francisco, knew nothing of these proceedings until the day after the levy, when he, being well aware of their fraudulent character, justified them, and has ever since continued to justify and claim under them, as *bona fide.*

As to the judgment of Spillman, the complaint alleges that Burton & McCarty owed him but a few hundred dollars, instead of ten thousand. That Spillman has taken out execution on said judgment, and caused it to be levied, and that Burton & McCarty are insolvent.

All the principal allegations were denied. The trial was by the Court, who found for the plaintiffs, and judgment was thereupon duly entered upon the findings.

The defendants moved for a new trial, on the ground of insufficiency of the evidence to justify the decision, and that it is against law; and upon the further ground, so far as Spill-

man is concerned, of newly discovered evidence. The notice also refers to errors of law occurring at the trial, and excepted to by the party, as a ground upon which the motion would be rested; but there is no specification in the record, nor does the brief filed for the appellant refer to any errors falling within the general description.

The motion for new trial was overruled, and the appeal is from the order.

The Court finds, generally, that both judgments are fraudulent, as alleged, and then proceeds to find specifically a series of facts, some of which are ultimate in their character, and others secondary merely, raising presumptions more or less cogent as to the truth of the allegations of fraud. Passing the general finding that both judgments were fraudulent as to the creditors of Burton & McCarty, the counsel of the appellants advances two propositions: First—That all the facts, both final and secondary, bearing upon the question of fraud, were found by the Court upon insufficient testimony; and Second—That the ultimate facts found by the Court are, as matter of law, insufficient to support the judgment.

First—We have examined the testimony contained in the voluminous record filed in this action with patient attention; and have furthermore availed ourselves of the thorough and exhaustive discussion of counsel upon the weight of the evidence and the conclusions properly to be drawn from it, and we are satisfied not only that the case is one where the evidence is in conflict, but one in which the Court below did not so far mistake the relative weight of the opposing proofs as to justify us in going behind the special findings. The position of the counsel for the appellants that many of the special findings are without evidence to support them, is not borne out by the record. Where the findings are not sustained by direct evidence in opposition to the positive testimony of the parties to the respective judgments, they are sustained by the admissions or counter-statements in the answers, or by the evidence of circumstances; and under the

settled practice of this Court we cannot review the case upon the testimony.

Second—The only question remaining to be considered, aside from that made upon the evidence alleged to be newly discovered, and a question of "irregularity," is as to whether all or any of the final facts, specially found, support the judgments as matter of law.

1. As to the judgment in favor of C. H. Burton.

It is found that Burton & McCarty were insolvent at the date of the judgment; that C. H. Burton resided in San Francisco, and was there the day the judgment was confessed; that "the confession was given and caused to be entered up by Burton & McCarty of their own motion;" that "no one was authorized by said C. H. Burton to receive said confession of judgment for him or to act as his agent in that respect;" that "he did not know said confession had been made until the day following its entry and after the levy of execution issued thereon, after the levy of plaintiff's attachment; and that the giving of said confession was a voluntary act on the part of said Burton & McCarty to enable said Charles H. Burton to obtain priority over all the creditors of said Burton & McCarty, including the plaintiffs; and that said Burton & McCarty directed and caused the execution on said confession to be levied on their property immediately after its issuance;" and that "the goods so levied upon were all the visible property of said Burton & McCarty." In addition to these findings, the complaint alleges that at the date of the confession Burton & McCarty were "apprehensive that the claims of these plaintiffs and others, their *bona fide* creditors, would be presented to them for payment, and if not paid, that attachments would be issued against them and their property;" and that "the confession was made for the purpose of giving a prior lien to C. H. Burton." The truth of these averments is not denied in the answers, and is assumed throughout in the argument of counsel. The question is: What is the legal effect of these facts upon the rights of the parties?

It was held in *Ryan* v. *Daley*, 6 Cal. 238, on a state of facts

like the above in every substantial particular, that the judgment was void as to the subsequent attaching creditor. There can be no doubt as to the right of a debtor in insolvent circumstances to pay or secure a part of his creditors to the prejudice of the balance, nor is it doubted that security may be given, effectually, by confessions of judgment in favor of the creditors intended to be preferred. The real question is, when does a judgment based upon a confession made without any request on the part of the creditor and without his knowledge, and entered up at the instance of the debtor alone, become a judgment as between the parties to it? that is, when does it take effect in fact " as a final determination of the rights of the parties in the proceedings?" (Practice Act, Section 144.) It is clear that a judgment, in the case supposed, would have no effect at the date of its entry. So far as the creditor is concerned, he would not be bound to accept the judgment as the measure of his rights. It would not bar an action brought by him on the same *gravamen*, nor would it even estop the party by whom the confession was made from denying any or all the facts set forth in it. A judgment without parties, or a judgment, however perfect in form, which is attended with none of the consequences of a judgment, can be a judgment only by pretension. It may be admitted, where a debtor confesses judgment without the request or knowledge of his creditor, and the creditor thereafter ratifies it by claiming under it and attempting to enforce it, that the record will become binding as between the parties to it—by force of the ratification; and that by relation the judgment, as to them, would be considered as good from the date of its entry. But such ratification can neither override nor in any manner affect rights acquired prior to the ratification and while the judgment was one only in name. To hold otherwise would be to go counter to all analogy, and would be subversive of authority which it is now too late to question. The case of *Bailey* v. *Bryant*, 24 Pick. 198, cited for the appellants, is not opposed to the views which we have presented; for the decision in that case was put upon the ground—first, that the first attachment suit was brought

in effect by the direction of the creditor; or, that failing, then upon the ground that both the suit and the attachment were ratified by the creditor before the second attachment was made.

2. The Court further found that the actual indebtedness of Burton & McCarty to C. H. Burton at the time when the note mentioned in the confession was executed, was nine thousand eight hundred and three dollars and seventy-three cents less than the amount for which the note was given, and that said excess was included in the note for the purpose of defrauding creditors. These facts being given, the judgment is unquestionably void. (*McKentry* v. *Gladwin et al.*, 10 Cal. 227; *Scales* v. *Scott*, 13 Cal. 76.) There is little or no positive evidence to support the finding upon which the conclusion proceeds, but the circumstantial evidence in favor of its correctness is entitled to the gravest consideration.

3. But further: The note is misdescribed in the judgment and in the statement on which the judgment is founded. The note was for twenty-seven thousand five hundred and forty-five dollars and eighty-one cents, at two per cent per month interest; and it is described as a note for twenty-seven thousand dollars at one and one half per cent interest, and the facts out of which the indebtedness arose are not set forth in the statement with proper precision. By reason of these defects, and on the authority of *Richards* v. *McMillan*, 6 Cal. 419; *Cordier* v. *Schloss et al.*, 12 Cal. 143, and *Cordier* v. *Schloss et al.*, 18 Cal. 576, the Court held that the judgment was *prima facie* fraudulent, and that the burden of rebutting the presumption was upon the party claiming under the judgment. Now, the confession states that the indebtedness for which the note was given was for " services and advances," and it behooved the creditor to prove that at the date of the note Burton & McCarty were indebted to him for " services and advances" in the sum of twenty-seven thousand five hundred and forty-five dollars and eighty-one cents. But the defendant (C. H. Burton) was estopped by his answer from proving the proposition—for he had averred therein that the amount

for which the note was given was not due him for "services and advances," but for services and advances, and interest thereon (nine thousand four hundred and nineteen dollars and four cents,) at the rate of two per cent per month, under a special agreement to that effect. The defendant, however, was allowed to go into proof of the interest item, and the Court has found that as to two thousand one hundred and two dollars and forty-four cents, parcel thereof, the interest was cast upon the amount due for service, and in the absence of any contract, either written or verbal; and, it may be added that the defendant, in his answer, in stating the contract for interest, limits the interest to "advances." Our purpose, however, is not to make any use here of the finding of the Court on the question of interest. For the purposes of the argument, at this point it may be assumed that the finding was a false finding, and that the nine thousand four hundred and nineteen dollars and four cents was lawfully due, as interest on the principal claims, at the time the note was executed; and that Burton & McCarty had reference to that item in settling, in their own minds, the amount of the judgment to be confessed. Still, these facts cannot be considered in the defendants' favor, for the reason that they contradict the terms of the confession and demonstrate a fraud, consisting at once in a suppression of the truth, and in a suggestion of what was manifestly false. In stating that Burton & McCarty were indebted to C. H. Burton in the sum of twenty-seven thousand dollars for "services and advances," a "suggestion" was made which all the answers show to have been false, for they all aver that when the note was given there was only eighteen thousand one hundred and twenty-six dollars and seventy-seven cents due on the grounds named in the statement; and though twenty-seven thousand five hundred and forty-five dollars and eighty-one cents may have been due at the giving of the note, still, by the answers, there was a suppression of the truth also; for the confession, by the hypothesis, disclosed less than two thirds of the true basis of the indebtedness; thereby putting C. H. Burton in a position to bring an action for the non-perform-

ance of the interest contract alleged, unembarrassed by the judgment. A judgment by confession merges no claim of the creditor, except such as are included in it by some form of direct statement; and interest is neither a "service" nor "advance." The cases of *Richards* v. *McMillan*, and of *Cordier* v. *Schloss* have no bearing upon the point which we are now considering. In each of those cases the statement was defective, because it was too general; and the judgments were held to be fraudulent *prima facie* for that reason; and it was further considered that the party might supply the omitted details by testimony to be produced at the trial. The point adjudged is, that particular facts lying within the scope of the general terms used in a confession, may be brought forward by averment. If the confession states a "promissory note," (implying a consideration), or "services" or "advances," or both, as the source or ground of indebtedness, the creditor, always keeping within the limits of the terms used, may prove all matters explanatory. Beyond this he cannot go. To allow him to go further, and prove a claim which the statement not only does not include, but excludes by necessary intendment, would be to allow him to prove his judgment to be "virtuous" (6 Cal. 421) by proving it to be false; and to this solecism, we may add, that such license of proof would violate every rule of evidence applicable to the question, and invite a perpetration of the very frauds against which the statute was intended to guard.

Second—As to the judgment confessed in favor of Spillman.

For reasons kindred to those already stated, we cannot set aside the findings of the Court in their bearings upon this judgment, on the ground that they are not supported by the evidence. It is true there was no lack of positive testimony in favor of its integrity, but the Court below evidently more than doubted its truth in view of the logic of the events proved. As to the legal effects of the facts found there can be no question.

It is urged that the Court examined the account of Spillman in the books of Burton & McCarty after the case was

submitted, the books not having been given in evidence. Were this imputation true as fact, no advantage could be taken of it on this appeal, however Spillman may have been prejudiced by it, and for the reason that the "irregularity" (Practice Act, Sec. 193) is not stated in the record as one of the grounds upon which the motion for a new trial would be made. But it is established, both by the statement and by a special certificate of the Judge, that the books were in evidence in fact; and as to the newly discovered evidence the affidavits disclose nothing new except the mistake of defendants' counsel in supposing the books were not put in evidence at the trial.

Mr. Justice SAWYER expressed no opinion.