## BROWN ET AL. V. MILLER ET AL.

1. Where copartners retired from a firm, leaving one member sole owner of the partnership property, who confessed judgment in favor of his individual creditors, making the statement required by statute, no fraud being shown, such individual creditors are entitled to the proceeds of the property received from the firm in preference to firm creditors.

2. Under the Code, sections 219–221, providing for confessions of judgments, and requiring a statement of tho facts out of which the debt arose, a confession naming certain transactions and loans out of which the debt arose, giving the names of the parties, the dates and amounts, is sufficient.

## Error to District Court of Fremont County.

THIS was an action by J. S. Brown and J. F. Brown, creditors of the firm of D. D. Miller & Co., against D. D. Miller, C. E. Boyles and J. St. Clair, former members of such firm, and Paul J. Sours and W. D. Schoolfield, to have a lien declared in favor of plaintiffs upon goods of the firm, taken by defendant Schoolfield, as sheriff, under a judgment confessed by defendant Miller in favor of defendant Sours. Relief denied, and plaintiffs bring error.

Messrs. DECKER and YONLEY, for plaintiffs in error.

Messrs. JOHN W. BLACKBURN, SAM. P. DALE and B. F. MONTGOMERY, for defendants in error.

ELBERT, J.   If it be admitted that Miller, St. Clair and Boyles were partners in the firm of D. D. Miller & Co., under their articles of agreement, it does not follow that the plaintiffs in error were entitled to the relief asked in their bill.   St. Clair retired from the firm about the 1st of June, and Boyles about the 1st of July, leaving D. D. Miller sole member of the firm and sole owner of the partnership property.   The retirement of St. Clair and Boyles from the firm, if one existed, appears to have occurred in the ordinary course of business, and in pursuance of no fraudulent purpose.   Ordinary firm creditors have no lien on firm property that prevents its transfer in good faith.   Agreements between parties, converting the partnership property into the separate property of one or more of its members, or *vice versa*, unless fraudulent, are binding on all ordinary creditors, whether creditors of the

firm or of the individual members. 2 Lindl. Partn. *654, *655, *656, and cases cited.   Upon this subject *Ex parte Ruffin*, 6 Ves. 119, is the leading case, and in its facts quite like the case we are considering.   In that case " Thomas Cooper took James Cooper into partnership. The partnership was afterwards dissolved, and the partnership property was assigned to James by Thomas, who retired.   James afterwards became bankrupt, and, some partnership debts being unpaid, it was sought to have what had been the property of the partnership applied in liquidation of those debts.   It was held that the property was no longer the joint property of the two partners, but the separate property of James."   In this case it must likewise be held, in the absence of any evidence of fraud, that the property levied upon, first by Sours and afterwards by plaintiffs in error, was the separate property of D. D. Miller.   This being true, there is no ground for holding that the partnership indebtedness to plaintiffs in error must be first satisfied out of the proceeds of the sale of the property.   The judgment of Sours was by confession, under the provisions of the Code, sections 219–221.   We think the statement of facts out of which the indebtedness arose sufficient under the statute.   It gives dates, amounts and parties to the notes in detail, and a concise statement of the consideration for which each was executed.   " The first note 'arose' from certain former transactions, viz., an indebtedness in the sum of $1,500 of F. L. Miller & Co. to said P. J. Sours, for which a note was given, and which D. D. Miller assumed, a loan of $500 by Sours to Miller, and a further loan of $200 by Sours to Miller, and some interest on the $1,500 and $500. The second ($2,725.31) note arose from the fact of Miller making overdrafts at Sours' bank.   And as to the third. (the $1,900) promissory note the confession states that' David D. Miller was indebted to Charles E. Boyles, on July 2, 1883, in the sum of $1,900, and gave that note

therefor to Boyles, and Boyles afterwards assigned the same to Sours before the confession was made."

This is a sufficient statement under the decisions of New York construing a similar statute. *Lanning v. Carpenter*, 20 N. Y. 447; *Freligh v. Brink*, 22 N. Y. 419; *Neusbaum v. Keim*, 24 N. Y. 325; *Frost v. Koon*, 30 N. Y. 428. Under a similar statute, in California, it is held "that when the statute is not strictly pursued it is *prima facie* evidence of fraud, and this because, where a party fails to make all the disclosures required by the act, the presumption is that he has something to conceal. But this presumptive evidence, like all presumptions, can be rebutted. It merely throws upon the plaintiff the burden of proving that his judgment was fair, and not fraudulent." *Richards v. McMillan*, 6 Cal. 419, and *Cordier v. Schloss*, 18 Cal. 576. Should we adopt the rule of these decisions it would not avail plaintiffs in error. We think with the court below that the strong preponderance of the evidence is in favor of the *bona fides* of the transactions between Sours and Miller upon which the confession of judgment is based. The decree of the court below is affirmed.

*Affirmed.*