[Civ. No. 28112. First Dist., Div. One. Oct. 29, 1971.]

MECHANICS BANK OF RICHMOND, Plaintiff and Appellant, v. JACQUELINE THOLE, Defendant and Respondent.

**COUNSEL**

Watson, Hoffe & Fannin and John R. Pierce for Plaintiff and Appellant.

Phelan, Simmons & Ungar and Ronald A. Burton for Defendant and Respondent.

**OPINION**

**MOLINARI, P. J.**—Plaintiff appeals from an order denying its motion, pursuant to Code of Civil Procedure section 473,[1] to vacate a judgment by confession.

Plaintiff filed an action on April 1, 1969 against defendant on a promissory note in the principal sum of $5,000 with interest. The complaint was never served on defendant and defendant did not file a responsive pleading. Defendant did, however, file a "Confession of Judgment Statement" on

---

[1]Such an order is a special order after final judgment and is appealable. (*Zancaner* v. *Louisville & N. R. Co.,* 220 Cal.App.2d 836, 839 [34 Cal.Rptr. 143].)

May 6, 1969, whereby she confessed judgment in favor of plaintiff in the sum of $5,251.48, plus interest at the rate of 8½ percent per annum, from April 1, 1968 until the date of entry of judgment. A judgment for the amount confessed was entered on May 6, 1969, and on May 12, 1969, the clerk gave notice to plaintiff's attorneys that such a judgment was entered.

On October 17, 1969, plaintiff filed a motion to vacate the judgment pursuant to Code of Civil Procedure section 473[2] on the ground that it was void because it was entered without the knowledge or consent of plaintiff. After a hearing the court denied the motion.

Plaintiff makes three contentions: (1) that a judgment by confession entered at the instance of a defendant alone, without the knowledge or consent of the plaintiff, is invalid and not binding upon plaintiff; (2) that the judgment by confession in the instant case is void because it was not in compliance with the provisions of section 1134; and (3) that the judgment, being void, may be set aside both under section 473 and independent of that section.

■ In considering these contentions we first observe that plaintiff is correct in its contention that a void judgment may be vacated upon motion of the aggrieved party both under section 473[3] and independent of that section. (*Ross* v. *Murphy,* 113 Cal.App.2d 453, 455 [248 P.2d 122]; *City of Los Angeles* v. *Morgan,* 105 Cal.App.2d 726, 730 [234 P.2d 319].)

■ Adverting to the contention that the judgment was void we note, initially, the pertinent statutes applicable to a confession of judgment. Section 1132 provides: "A judgment by confession may be entered without action, either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed by this chapter. Such judgment may be entered in any court having jurisdiction for like amounts." In order to confess judgment the defendant must make the statement provided for in section 1133 which, in pertinent part, provides: "A statement in writing must be made, signed by the defendant, and verified by his oath, to the following effect: 1. It must authorize the entry of judgment for a specified sum; 2. If it be for money due, or to become due, it must state concisely the facts out of which it arose, and show that the sum confessed therefor is justly due, or to become due; . . ." Pursuant to section 1134, ". . . the statement must be filed with the clerk of the court in which the judgment is to be entered, who must endorse upon it, and enter a judgment of such court for the

---

[2]All statutory references hereinafter made, unless otherwise indicated, are to the Code of Civil Procedure.

[3]Section 473 provides, in pertinent part: "The court may . . . on motion of either party after notice to the other party, set aside any void judgment or order."

amount confessed with the costs . . . . At the time of filing, the plaintiff shall pay as court costs which shall become a part of the judgment the following fees: In superior courts ten dollars ($10) . . . . No fee shall be collected from the defendant. . . ."

In the present case no contention is made that the statement required by section 1133 does not meet the requirements of the statute. Plaintiff nevertheless contends that the judgment entered upon such confession statement is void because it did not consent to it. In considering this contention we first observe that the statutes providing for confession of judgment do not expressly provide that in order that a confession of judgment may be binding on the plaintiff it is essential that he assent thereto.

In *Wilcoxson* v. *Burton,* 27 Cal. 228, 234, we find the following pertinent language: "The real question is, when does a judgment based upon a confession made without any request on the part of the creditor and without his knowledge, and entered up at the instance of the debtor alone, become a judgment as between the parties to it? that is, when does it take effect in fact 'as a final determination of the rights of the parties in the proceedings?' (Practice Act, Section 144.) It is clear that a judgment, in the case supposed, would have no effect at the date of its entry. So far as the creditor is concerned, he would not be bound to accept the judgment as the measure of his rights. It would not bar an action brought by him on the same *gravamen,* nor would it even estop the party by whom the confession was made from denying any or all of the facts set forth in it. A judgment without parties, or a judgment, however perfect in form, which is attended with none of the consequences of a judgment, can be a judgment only by pretension. It may be admitted, where a debtor confesses judgment without the request or knowledge of his creditor, and the creditor thereafter ratifies it by claiming under it and attempting to enforce it, that the record will become binding as between the parties to it— by force of the ratification; and that by relation the judgment, as to them, would be considered as good from the date of its entry. . . ."

The rule declared in *Wilcoxson* and its rationale find support in other jurisdictions. (See *Chapin* v. *McLaren,* 105 Ind. 563, 567 [5 N.E. 688, 691]; *Farmers and Mechanics Bank* v. *Mather,* 30 Iowa 283, 285; *Thayer* v. *Finley,* 36 Ill. 262, 264; *Lowenstein* v. *Caruth,* 59 Ark. 588, 592 [28 S.W. 421, 422] (citing *Wilcoxson*); *Mason* v. *Ward,* 80 Vt. 290, 292 [67 A. 820].) In 3 Freeman on Judgments (5th ed.) section 1311, at pages 2718-2719, *Wilcoxson* is cited for support of the rule, which is stated thusly: "A judgment by confession, entered without the knowledge or consent of the creditor in whose favor it is, is, prior to the ratification by him, invalid for all purposes, being neither operative as a lien, an estoppel, nor

as a merger of the demand. But if the creditor afterwards accepts and ratifies it, it becomes, from the moment of its acceptance, valid, and attended with all the results incident to other valid judgments."[4]

In *Thayer* it is indicated that if the rule were otherwise a great injustice might be done to the creditor if he was bound by a judgment confessed and entered without his knowledge or consent for an amount less than that actually due. (36 Ill. 262 at p. 264.)

We are not unmindful that *Wilcoxson* was decided in 1865. However, the decision in that case has not been overruled. We also observe that at the time *Wilcoxson* was decided there was in force section 374 of the Practice Act which was enacted in 1851 (compiled Stats. 1850-1853, ch. 123, § 372, at p. 587). That statute read the same as section 1132 (enacted in 1872) now reads except that it did not have the second sentence. In essence *Wilcoxson* was construing the basic confession of judgment statute we are now called upon to construe.

We are persuaded, moreover, by the specificity provisions of section 1134, as amended in 1957, which provide that at the time of the filing of the defendant's statement provided for in section 1133, "the plaintiff shall pay as court costs which shall become a part of the judgment" a fee of $10 and that "No fee shall be collected from the defendant." These provisions indicate a legislative intent that a judgment by confession is not valid unless consented to by the creditor. As we interpret section 1134, a judgment by confession is not to be entered until the creditor pays the specified filing fee. Such payment, obviously cannot be made without the creditor's consent.

In the present case no contention is made that plaintiff paid the prescribed filing fee. It was either paid by defendant or some third person without the knowledge and consent of plaintiff. Accordingly, the entry of the judgment was ineffective as to plaintiff. We observe, moreover, that the record fails to show that the confession of judgment was with the assent of plaintiff. Plaintiff's declaration in support of the motion to vacate the judgment states that the judgment was entered at the request of defendant without the knowledge or consent of plaintiff or its attorneys, and that plaintiff did not at the time of said entry, and does not now, consent to the entry of said judgment. No counterdeclaration was filed by defendant. The only evidence in opposition to plaintiff's declaration consisted of facts which the court could judicially notice, that plaintiff had notice of the entry of

---

[4]The substance of this rule is also to be found in 49 C.J.S., Judgments, section 148, page 275; 47 Am.Jur.2d, Judgments, section 1102, pages 156-157; 28 Cal.Jur.2d, Judgments, section 11, page 628 and cases there cited in support of the principle.

the confession of judgment on or about May 12, 1969, and that it did not move to vacate the judgment until October 17, 1969. In view of the fact that the entry of the judgment was invalid because no filing fee was tendered or paid by plaintiff, and in view of the lack of any evidence that plaintiff ratified the confession of judgment, its mere silence or failure to object until some five months after the purported entry of judgment does not amount to an acceptance of the confession of judgment.

The order is reversed and the trial court is directed to make its order vacating the judgment by confession entered in this action on May 6, 1969.

Sims, J., and Elkington, J., concurred.