## TUNIS v. WITHROW.

1. SERVICE BY PUBLICATION. When service of notice is made by publication the court acquires no jurisdiction until proper proof of the publication of such notice, and of a compliance with each of the other requirements of the statute, is filed and made to appear of the record.
2. NOTARIAL SEAL. The official acts of a notary public should be authenticated by his official seal and signature.
3. PRESUMPTION REBUTTED. Where the decree of the District Court recited "that the defendant being called comes not, though served with notice of the pendency of this suit, as by law provided," and the record disclosed the fact that the proof which is the basis of the jurisdiction of the court was never made, *held*, that the presumption in favor of the jurisdiction of the District Court was thereby rebutted.
4. CONSTRUCTIVE NOTICE. Courts have no jurisdiction to render judgments or decrees against persons, or their property upon constructive notice until every requirement of the law relating to the manner of making such service is fully complied with.

*Appeal from Iowa District Court.*

WEDNESDAY, APRIL 4.

THIS was a proceeding to foreclose the defendant's equity of redemption in a certain tract of land, which had been sold by the treasurer of Iowa county, to petitioner, at a tax sale for delinquent taxes for the year 1857. Service of the original notice was made by publication, and a decree entered by default against defendant. Defendant appeals.

*Hendershott, Burton & Gaston* for appellant.

I. The clerk has no power to order the publication of notice; that order should be made by the county judge.   Session Laws 1857, section 1, sub-division 6, chapter 240.

II. Publication of notice upon an order regularly made does not confer jurisdiction until proper proof of such publication is made, with an affidavit filed, showing the non-residence of the defendant.   *McGahen* v. *Carr,* 6 Iowa 331; *Woodward* v. *Whitescarver,* Ib. 1; *Scott* v. *Babcock,* 3 G. Greene 133; *Byington* v. *Crosthwait,* 1 Iowa 148; *Carr* v. *Kopp,* 3 Ib. 80.

*Wm. Smythe and Henry Woodruff* for appellees.

I. In regard to the notarial seal the statute simply adopts the law merchant.   Code, chapter 10 section 82.   To affidavits it is not required.   Ib. section 84.

II. When service of notice is by publication, it is complete when the publication is made.   The proof of publication must be made to the court.   Code of 1851, chapter 103, sections 1721, 1725, 1730, and 1736; *Broghill* v. *Lash,* 3 G. Greene 357; *Pinkney* v. *Pinkney,* 4 G. Greene 324; *Lot* 2 v. *Swetland,* Ib. 465; *Byington* v. *Crosthwait,* 1 Iowa 148; *Carr* v. *Kopp,* 3 Iowa 80; *Morrow* v. *Weed,* 4 Iowa 77; *Woodward* v. *Whitescarver,* 6 Iowa 1; *Gaylord* v. *Scarff,* 6 Iowa 179; *McGahen* v. *Carr,* 6 Iowa 331, cited and commented on.

III. The jurisdiction of a superior court is presumed until the contrary clearly appears.   *Morrow* v. *Weed,* 4 Iowa 77; *Mills* v. *Martin,* 19 John, 33; *Thomas* v. *Robinson,* 3 Wend. 267; *Stanley* v. *Barker,* 25 Verm. 510.   The decree in this case recites and declares all facts necessary to give the court jurisdiction, and it is conclusive in the same degree as decrees in other actions.   Section 508, Code; 1 Brod. & Bing. 432; 4 Moore 50; *Field* v. *Gilds,* 1 Pet. C. C. R. 155; *Mills* v. *Duryee,* 7 Cranch 481; *Selin* v. *Snyder,* 1

S. & R. 166; *Rabory* v. *Hammond*, 2 Har. & Gill. 42 and 50; *Rust* v. *Frothingham*, 1 Breeze 258. *Cooper* v. *Sunderland*, 3 Iowa 114; *Little et al.* v. *Smith*, 7 Iowa 324.

IV. Chapters 191 and 240, Acts of Sixth General Assembly are not inconsistent and must stand together.

BALDWIN, J.—There are various errors assigned by appellant, all of which are resolved into and may be determined by the one question, whether the service of the original notice was so made as to give the court jurisdiction to render judgment by default against defendants.

The service of the original notice was made by publication, and appellant insists that there was no proof before the District Court that such publication was ever made; that there was no proof filed, or made before the court, showing that a copy of the petition and notice was sent by mail to defendant; and that there was no diligence used by plaintiff, his agent or attorney, to ascertain the residence of defendant, such as is required to be made by our law before default can be entered. Code, section 1826.

It appears from the transcript that the plaintiff, by his attorney, filed what he claimed to be an affidavit, proving such publication; also what he claimed to be an affidavit, showing the diligence used to ascertain the residence of defendant. When filed, such paper become a part of the record of the cause. Such evidence should be of record in proceedings thus *ex parte*. *Lot* 2 v. *Swetland*, 4 G. Greene 465.

The clerk certifies that the transcript of this cause as sent up to this court, is a "full, complete and correct copy of the papers and records thereof." There is nothing in the record which tends to prove the publication made, or the diligence used, but the affidavits above referred to; and we conclude there was no other evidence before the court upon this subject. These affidavits are clearly defective. The jurat of one is not evidenced by the seal of the notary public before whom the affidavit purports to have been made, and the other has neither the seal nor the signature of the notary annexed

thereto, nor is the name of the officer or his seal referred to in the body of the affidavit. We consider that the official acts of a notary public should be authenticated by seal and signature, and that an affidavit is not proved to have been made, unless the jurat is authenticated by both such seal and signature.

It is claimed by counsel for appellee, that the District Court is a court of general jurisdiction, and that its acts are presumed to be correct; that the decree entered by the court in which is recited "that the defendant being called comes not, though served with notice of the pendency of this suit as by law provided," is presumptive evidence to this court that proper proof of publication and diligence used was before the District Court, otherwise no such decree would have been entered. Whilst it is true that every presumption is to be made in favor of the jurisdiction of the District Court, yet if the record discloses the fact, that the evidence which is the basis of such jurisdiction, and which must appear of record, was never made before the court, such presumption is thereby rebutted.

It is the policy of the law to give every party his "day in court" before his rights are adjudicated and passed upon, and before courts will render judgments or decrees against persons or their property, upon constructive notice, every requirement of the law for making such notices complete should be fully complied with. There does not appear of record any proof of such service in this cause, as the law requires. The affidavits thus filed are nothing more than the certificates of the parties making them.

The decree of the District Court is therefore set aside.