Miller, J.
The error assigned is the overruling of the plaintiff’s motion to cancel the judgment of confession entered by the clerk, at the instance of the defendants, and without the knowledge or assent of the bank or any of its officers. And the question for our determination is, whether a judgment thus confessed by the defendants is binding on the plaintiff.
This question must be answered in the negative. One of the fundamental requisites to the validity of a judgment is, that the court should have had jurisdiction of the subject-matter and of the parties. It is as necessary that the court have jurisdiction of parties as that it have jurisdiction of the-subject-matter. Both are indispensable to the validity of its judgments. Without both, its judgments and decrees are nullities. Shriver’s Lessee v. Lynn, 2 How. 43; The Lessee of Heckey v. Stewart, 3 id. 750 ; Staker v. Kelly, 7 Hill, 11; The People v. Cassells, 5 id. 164; Harrington v. The People, 6 Barb. 607; Woodward v. Whitescarver, 6 Iowa, 1; Pinkney v. Pinkney, 4 G. Gr. 324; Lot 2 v. Sweatland, id. 465; Taylor v. Brobst, id. 534; Tunis v. Withrow, 10 Iowa, 305; Bonsall v. Isett, 14 id. 312; Dicks v. Hatch, 10 id. 380.
*277 A judgment rendered against a defendant who has not been served at alj with process, and who has not appeared in the action, would be a nullity. Bonsall v. Isett, 14 Iowa, 312; Tunis v. Withrow, 10 id. 305.
It is as necessary to the validity of a judgment that there should be, a plaintiff as that there should be a defendant, and that hoth should be in cowrt.
There can be no action without parties, neither can there be a valid judgment without parties. If one party obtains or procures a judgment to be entered without the other being before the court, either by the service of process, or by appearance or consent, such judgment is not binding on the other party.
It is. true the statute (Rev. of 1860, §§ 3397, 3398, 3399) authorizes the confession of judgments by debtors, without action, but it does not authorize the confession of a judgment without the knowledge or assent, or against the consent, of the creditor. A judgment is a contract of record. 1 Pars, on Cont. (5th ed.) 7.
The contract held by the plaintiff was in the form of commercial paper, i. e., a promissory note, and if the makers, without the assent of the payee, could confess a valid judgment in his favor, for the amount of, and based upon, the note, it would give them the power to compel the other party to enter into a new and different contract without Ids consent; to change one security for another; to surrender a negotiable instrument for a non-negotiable contract. One of the essentials of every contract is the assent of hoth the contracting parties, and they must assent to the same thing in the same sense. Bruce v. Pearson, 3 Johns. 534; 1 Pars, on Cont. (5th ed.) 475; Goodpaster v. Porter de Courtney, 11 Iowa, 161.
The court below should have sustained plaintiff’s motion and canceled the judgment entered by confession. Its judgment is therefore
Reversed.