### *C. W. PATTON v. CITY OF ASHEVILLE.

#### *Dower— Vested Rights.*

A widow who married since the common law dower act, is not entitled to dower in lands sold during coverture under execution for debts contracted prior to the dower act. And this is not changed because some of the debts under which the lands were sold were contracted subsequently. In this view, the dower act does impair the obligations of the contract between debtor and creditor.

This was a CIVIL ACTION, tried before *Brown, J*, at Spring Term, 1891, of BUNCOMBE Superior Court.

Upon the facts agreed, there was a judgment for the defendant, from which the plaintiff appealed. The facts are sufficiently stated in the opinion.

*Messrs. W. R. Whitson* (by brief) and *T. F. Davidson,* for plaintiff.

*Messrs. C. A. Moore* and *F. A. Sondley,* for defendant.

CLARK, J.: The husband of the plaintiff acquired the land in 1858. He was married to plaintiff in 1869, since the act restoring the common law right of dower. The land was sold in 1882, under execution issuing on judgments, a large part of which were obtained on debts contracted in

*AVERY, J., did not sit.

1860. Her husband having died since the sale, the plaintiff seeks in this action to have her dower laid off in the land which has now been conveyed by the purchaser at the execution sale to the defendant.

We are unable to distinguish this case from the similar question raised as to the homestead, which has been settled by *Edwards* v. *Kearsey*, 95 U. S. Rep., 595; Ib., 79 N. C., 664, and succeeding cases in this State down to *Long* v. *Walker*, 105 N. C., 90.

When these debts were created in 1860, there was no dower or homestead which could be set up against the collection of the judgment under the execution issued thereon during the debtor's life-time. If the plaintiff can now claim dower, it is solely under and by virtue of a statute enac ed since 1860.

The Constitution of the United States prohibits any State from passing any act impairing the obligation of a contract. After the decisions above named, it should require no argument to show that the act giving dower in "all lands of which a deb or is seized at any time during coverture," is an impairment of the obligation assumed by a debtor as to debts created by him prior to the passage of such act. The obligation of the contract made by a debtor contracting a debt in 1860, was, not that the creditor should have a lien on his property; that could be done by giving a mortgage. Nor was it that the debtor could not alien his property; that would put restrictions on trade, which was against public policy. The law then in force recognized in the creditor no lien or power to prevent the alienation of land by the debtor, and he contracted with no such right. But the law then in force gave the creditor a remedy in the collection of his debt without let or hindrance from dower-right in the widow or a homestead in the debtor himself, his widow or children. The statute passed after that time could not lessen

or impair the extent of the remedy which the creditor possessed at the time of the contracting of the debt.

The statute in force in 1860 did not permit the husband by a contract of marriage to settle on his wife's property in derogation of the rights of creditors. Rev. Code, ch. 37, § 25.

That the sale was made under several executions, some of which were issued on judgments obtained on debts contracted since the present dower and homestead were adopted, could not affect the title of the purchaser at such sale. He subsequently conveyed to the defendant. The debtor, as against the creditors, whose debts were contracted since the adoption of the homestead, was entitled to the value of his homestead out of the proceeds of such sale, after payment of the executions issued for debts contracted prior to the homestead. This was so held in favor of the husband of the plaintiff as to this very sale. *Wilson* v. *Patton*, 87 N. C., 318.

Where a debt is contracted since the passage of the present act, the widow of the debtor is entitled to dower (when not released in the manner required by law), and even though the debtor at the time of the creation of the debt was a single man. The parties contract with the knowledge that the creditor's remedy is subject to that contingency. But here, when the debt was made there could be no such matter in contemplation of the parties, and the act since passed could not restrict the creditor's remedy into narrower limits. As to them, when the sale was made in 1882 the plaintiff's husband being then alive, the plaintiff's dower was non-existent and the purchaser at such sale acquired title to the property unincumbered by any right of dower. When these debts were made, the right of dower, which the wife of the debtor could acquire, was "in lands of which the husband may die seized and possessed" The husband did not die "seized and possessed" of this land, and his widow's claim for dower therein was properly denied.

Affirmed.