## LOWENSTEIN *v.* CARUTH.

### Opinion delivered November 10, 1894.

1. *Unauthorized judgment—Ratification.*

  Where a debtor confesses judgment without his creditor's knowledge or consent, and the creditor subsequently ratifies it, it will become binding, as to the parties, by relation from the date of its entry, but such ratification cannot affect rights acquired by other parties prior to the ratification.

2. *Execution—Unrecorded judgment.*

  As the record of a judgment is only evidence of its existence, its enforcement does not depend upon its being entered of record, and an execution may be issued upon it before it is recorded.

Appeal from Pulaski Chancery Court.

DAVID W. CARROLL, Chancellor.

*Morris M. Cohn* for appellants.

1. A judgment by confession rendered without the consent of the creditor binds no one. 47 N. W. 810; 69 Wis. 434; S. C. 34 N. W. 229; 53 Ark. 140; Mechem, Ag. secs. 84, 85, 87. A subsequent ratification would not oust appellants' lein. 53 Ark. 140.

2. The evidence shows that the conveyance was fraudulent. 56 Ark. 73; L. R. 14 Eq. 106, 118, 121; 7 Fed. 668; 17 N. J. Eq. 367; 50 Ark. 42; 34 N. Y. 508; 2 Col. 473; 2 Pom. Eq. Jur. sec. 973; 48 Ark. 419.

*J. Erb* for appellees.

1. At the time the conveyance was made, Cohn was perfectly solvent, and was not indebted to appellants at all. Mrs. Cohn purchased the property some years prior to her husband's failure.

2. There is nothing to sustain the contention that the judgments were obtained without the consent of the creditors.

BATTLE, J.   This was an action to set aside a conveyance of real estate, because it was executed with the intent to hinder and delay creditors.   Upon this branch of the case the chancery court, finding that the evidence adduced at the hearing was insufficient to show that there was any fraud in the execution of the conveyance, refused to set it aside.   We concur with the court in that finding, and, in that respect, affirm its decree.

But it was instituted for another purpose.   The plaintiffs, B. Lowenstein & Bros., stated as follows in their complaint:   "That the defendant, Simon Cohn, being for a long time prior thereto insolvent, on the 30th day of December, 1890, in view of such insolvency, addressed himself to the defendants, Caruth & Erb, attorneys at law, Little Rock, Arkansas, for the purpose of giving him advice and assistance with reference to the disposition of his assets ; that, as they are informed, believe and aver, said defendant, under the advice of said counsel, on the 30th day of December, 1890, went into the Pulaski circuit court in suits, or pretended suits, instituted in the names of Caruth & Erb, Eva Cohn, A. Spiro & Co., The Exchange National Bank, Gus Blass & Co., —— Kumpe, as administrator of the estate of —— Kumpe, deceased, against him, the said Simon Cohn, in which suits he entered his appearance, under the advice of the said attorneys, and consented to judgment ; that, before the judgments were written up upon the records of the said circuit court, by the consent of the said Cohn, executions were issued upon all of said judgments so obtained for the amounts stated therein, which judgments were for the amounts set opposite the respective names, as follows :

Caruth & Erb.............................$ 150 00
Eva Cohn..................................  298 00
A Spiro & Co .............................  757 10

Exchange National Bank................... $ 300 00

Gus Blass & Co........................... 400 00

C. H. Kumpe, as administrator ............ 168 25

That said executions were issued on the 30th day of December, 1890, and placed in the hands of Anderson Mills, as sheriff of Pulaski county, Arkansas, and were by him levied upon the stock of merchandise theretofore owned by the said Simon Cohn at his storehouse on the northeast corner of Markham and Rock streets, in the city of Little Rock; that, on the said 30th day of December, 1890, about two hours after the judgments were taken in the names of the parties above named, upon the advice of his said attorneys, the said defendant, Cohn, confessed judgment in a suit instituted by the complainants in the said circuit court for the amount of their claim, to-wit: $2740, and consented to a judgment being rendered thereon, upon which, by consent, execution was issued, and likewise placed in the hands of the said Anderson Mills, as sheriff of Pulaski county, and was levied upon the said stock; that the said stock of goods is advertised to be sold under said executions upon the 10th day of January, 1891, in bulk, on the terms prescribed by law; that, in addition thereto, the said Cohn has notified complainants that he would claim his exemptions out of the said stock on the 10th day of January, 1891; that the inventory valuation of said stock is between $2700 and $2800; that the aggregate amount of the claims covered by the judgments rendered as aforesaid, prior to that obtained by complainants, will more than consume the value of the stock, if they are paid, leaving nothing out of the said stock to pay off the claim of complainants. And they state that they are informed and believe, and aver the fact to be, that the said Caruth & Erb had no authority in law to take judgments in favor of the parties in whose names said judgments

were obtained; that said judgments were taken by the said Caruth & Erb without the request or authorization of any of said parties, * * * * * * * except in the case of themselves.

And they further state that if, upon the hearing of this cause, said facts turn out to be untrue, yet they are entitled to share *pro rata* in the funds so obtained from the sale of said stock of goods with all the parties in whose names judgments were taken as aforesaid, because the executions so issued were issued upon judgments which were all written up upon the 31st day of December, 1890, upon the records of the said Pulaski circuit court, and said record was not signed until the 31st day of December, 1890; that the entry of said judgments and the signing of the record was the date from which said judgments and executions are to be considered as having been rendered and obtained, and that, as they were all written up and signed upon the same day at the same time as aforesaid, they all stand upon an equal footing. * * * * *

That the said defendant, Anderson Mills, as sheriff, refuses to make distribution in said mode, and desires to await the determination of this court before he will do so; that, acting upon the advice of the parties in whose names judgments were so obtained, he will decline to make distribution in that form. * * *

The premises considered, complainants pray that the said Anderson Mills be converted into a receiver of this court in the disposition of said stock of goods, and that he dispose thereof in such manner as to the court may seem meet and proper; that he be restrained from making disposition thereof under the executions referred to of defendants; that the proceeds of said stock of goods be held subject to the orders of the court, and be distributed in such mode as to the court may seem meet and proper; * * * and for other proper relief."

To this part of the complaint the defendants filed a demurrer, which the court sustained; and plaintiffs. appealed.

**1. Effect of ratification of unauthorized act.** An insolvent debtor may prefer one creditor to others, and may secure him by confession of judgment. But he cannot do so without first obtaining the assent of the creditor. Parties are as indispensable to judgments as they are to actions. Neither is of any validity without them. A judgment by confession in favor of a person without his knowledge or consent cannot operate "as a final determination of the right of the parties in the proceedings." It estops neither party from denying anything set forth in it. But the person in whose favor it is confessed may ratify it, and make it valid and binding as to the parties, by relation, from the date of its. entry. Whatever the effects of similar acts in other cases may be, such ratification can neither override nor in any manner affect rights acquired prior thereto, and while the judgment was one only in name. *Wilcoxson* v. *Burton*, 27 Cal. 228; *Hardware Co.* v. *Deere, Mansur & Co.* 53 Ark. 140; *Farmers & Mechanics Bank* v. *Mather*, 30 Iowa, 283; *Chapin* v. *McLaren*, 105 Ind. 563.

**2. Enforcement of unrecorded judgment.** The enforcement of a judgment does not depend upon its entry. The record of it is only evidence of its. existence, and an execution may be issued upon it before it is placed on record. *Los Angeles County Bank* v. *Raynor*, 61 Cal. 145.

An execution, when ordered by the court, may be issued upon a judgment immediately after its rendition. Sandels & Hill's Digest, section 3035.

Appellants, B. Lowenstein & Bros., therefore, gained nothing by the delay in entering on record the judgments in question, and the fact that these judgments and the one in their own favor were rendered, recorded, and signed by the judge, on the same day. On the contrary, appellees were entitled to the priority

gained by the issuance, liens and levy of executions, provided that the judgments upon which they were issued were confessed by Simon Cohn with the assent of the defendants in this action, or were ratified before appellants acquired any lien on the property seized under the executions. But, if the judgments were confessed without the assent of appellees, the levy or liens of the executions in favor of appellants, acquired before the ratification, would give the latter the right to satisfaction, in preference to the former, out of the property seized.

The demurrer should have been overruled.

So much of the decree of the court as sustains the demurrer is reversed, and the cause is remanded for further proceedings.