Argued 6 March, decided 16 April; rehearing granted and reargued 8 August, decided 22 October, 1907.

## DAVIDSON *v.* RICHARDSON.

89 Pac. 742, 91 Pac. 1080.

CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS—JUDGMENTS—DOWER.

1. A statute enlarging the dower estate is void as to pre-existing debts as withdrawing part of the judgment debtor's property from lien and sale, thus impairing the obligation of a contract.

JUDGMENT—ENTRY NUNC PRO TUNC—RETROSPECTIVE EFFECT.

2. Where, at the time confession of judgment was executed and entered by the clerk, no judgment was entered thereon, but it was entered on the judgment docket and execution was issued and sale had, and afterwards judgment was entered *nunc pro tunc* as of the date of the confession of judgment, the

---

*NOTE.—The opinion upon rehearing being complete in itself, the original opinion is not published.  —REPORTER.

entry was retrospective, and had the same force as if made at the time when judgment was rendered, except as to third persons having intervening rights.

SAME—EFFECT ON INTERVENING RIGHTS—INCHOATE DOWER RIGHT.

3. Although a *nunc pro tunc* entry of a judgment does not operate to create a lien from a date earlier than its actual entry to affect intervening rights of third persons, the possessor of an inchoate right of dower in land of the judgment debtor at the time judgment was rendered, who has not changed her condition upon faith in the record, has no such interest as entitles her to protection.

From Polk: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit for the assignment of dower. Decree for plaintiff, and defendant appeals. W. M. Davidson, plaintiff's husband, in his lifetime was the owner in fee of the donation land claim of Carter T. Davidson and wife, containing 320 acres. On November 9, 1892, defendant, A. J. Richardson, loaned $3,550 to W. M. Davidson, who in consideration thereof agreed to give a judgment lien on said premises less ±6½ acres theretofore sold, and for that purpose and on the same day duly executed and delivered to the clerk of Polk County, his confession of judgment in the circuit court for that county, without action. Said confession of judgment was duly entered by the clerk in the journal and in the judgment docket of said court, but he failed to enter the formal judgment on said confession, and thereafter, on December 5, 1898, on the application of defendant, such judgment was entered *nunc pro tunc*. Prior to the entry of said judgment, viz., July 10, 1897, execution was issued on said confession of judgment and the judgment docket entry, which execution was duly levied on said land, and sale thereof duly made thereon to defendant on August 14, 1897. Thereafter and on December 28, 1899, a sheriff's deed was made thereon to defendant. W. M. Davidson died July 26, 1904. His wife brings this suit for the assignment of dower in said lands under the law in force at the time of the death of her husband, viz., for one-half thereof. Defendant concedes that she is entitled to dower therein, but only to the extent of one-third thereof, according to the law in force at the time of the docketing of said confession of judgment. The statutory provision for dower at that time was Section 2954 of Hill's Code:

"The widow of every deceased person shall be entitled to dower, or the use, during her natural life, of one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof."

This law was amended in 1893 by changing the words "one-third part" to read "one-half part": B. & C. Comp. § 5515.

For appellant there was a brief and an oral argument by *Mr. William M. Kaiser.*

For respondent there was a brief and an oral argument by *Mr. James K. Weatherford.*                    MODIFIED.

MR. JUSTICE EAKIN delivered the opinion of the court.

1. In the original opinion we rested the case exclusively upon the fact that the legislature has control over the liens of judgments, and that, in this case, the effect of the enlargement of the dower estate was only a withdrawal of property from the lien of the judgment to the extent of the increase of the dower estate. It is insisted, however, that the effect of the amended statute increasing the dower estate, is to deprive the defendant of his remedy by execution by withdrawing a portion of the debtor's property from liability, and that this impairs the obligation of his contract; and we must concede that this is the effect of the amendment.

The case of *Watson* v. *New York Cent. R. Co.* 47 N. Y. 157, cited in the opinion, holds that the lien is subject to the control of the legislature, but it was further suggested that, though the legislature could authorize the appropriation of the land for public use free from the lien, yet the compensation paid therefor was still subject to execution; that is, the legislature did not put the debtor's property beyond the reach of his creditor. The right to the lien relates to the remedy, but the right of the creditors of a debtor to avail themselves of his property at all events for the satisfaction of his debts, is not a question of remedy, but of right. The case of *McCormick* v. *Alexander,* 2 Ohio, 65, quoted in the opinion, and cases cited thereunder,

only hold that the lien is subject to the control of the legislature, but do not go to the extent of holding that the debtor's property may be exempted from existing debts. *Edwards* v. *Kearzey,* 96 U. S. 595 (24 L. Ed. 793), relates to the creation of a homestead exemption, which withdrew the property not only from the lien of judgments, but also from liability to execution, and there it is held to impair the obligation of the contract. This is also the effect of *Gunn* v. *Barry,* 15 Wall. (U. S.) 610, 622 (21 L. Ed. 212). The facts in the case of *Patton* v. *Asheville,* 109 N. C. 685 (14 S. E. 92), are parallel with those before us, so far as it affects this question, and it was held that the act of the legislature enlarging the dower estate impaired the obligation of the contract. In that case there was no lien in favor of the creditor, but under the law at that time, the property of a debtor was subject to the payment of his debts, and the statute enlarging the dower, having the effect to withdraw a portion of the debtor's property from levy and sale, was void as to such debts contracted prior to the statute, and we conclude, without reference to the power of the legislature to modify or abolish the lien of a judgment, if the property of the debtor, or a material portion thereof, is withdrawn from the reach of pre-existing creditors, it thereby impairs the obligation of such contracts. That was the effect of the enlargement of the dower estate before us, and such statute cannot affect defendant's judgment; and the decision of this court heretofore rendered in this case as to the effect of this statute must be set aside.

2. It appears, however, that when the confession of judgment by Wm. M. Davidson on November 9, 1892, was executed and entered by the clerk, no judgment was entered thereon, but it was entered upon the judgment docket upon that date, and on July 7, 1897, execution was issued thereon and sale of the lands in question was had thereunder on August 14, 1897. Afterwards, on December 5, 1898, by order of the said court, such judgment was entered *nunc pro tunc,* as of November 9, 1892, and plaintiff insists that such entry of judgment is not

retrospective as against plaintiff's interests, and that she is entitled to dower under the statute of 1893. The office of a *nunc pro tunc* entry is to record some act of the court done at a former term which was not then carried into the record; and such entry is retrospective and has the same force and effect as if entered at the time when rendered, except as to third parties having intervening rights: *Cleveland Leader Print. Co.* v. *Green,* 52 Ohio St. 487 (40 N. E. 201: 49 Am. St. Rep. 725); *McNamara* v. *N. Y., L. E. & W. R. Co.* 56 N. J. Law, 56 (28 Atl. 313); *Ferrell* v. *Hales,* 119 N. C. 199 (25 S. T. 821). It was held in *Doughty* v. *Meek,* 105 Iowa, 16 (74 N. W. 744: 67 Am. St. Rep. 282), that such entry validates all prior proceedings, including the issuing of execution: *Los Angeles Bank* v. *Raynor,* 61 Cal. 145; *Emrich* v. *Gilbert Mfg. Co.* 138 Ala. 316 (35 South. 322); *Lowenstein* v. *Caruth,* 59 Ark. 588 (28 S. W. 421). Although such entry validates the execution issued therein, it could not operate to create a lien from a date earlier than its actual entry to affect intervening rights of third parties: *McNamara* v. *N. Y., L. E. & W. R. Co.* 56 N. J. Law, 56 (28 Atl. 313). As between Richardson and Davidson, the *nunc pro tunc* entry is retrospective, and has the same force and effect as if entered at the time the judgment was rendered (Freeman, Judgments (3 ed.), § 67), and, unless they have rights intervening prior to the date of such entry, its effect cannot be questioned by third parties.

3. Plaintiff's interest in the land on December 5, 1898, the date of the entry of the judgment, was not such as to make her an intervening party within the meaning of the law. Her inchoate right of dower was increased by the legislative act, but she did not act upon conditions then existing, nor did she pay value or otherwise change her condition upon faith in the record, but was only a possible beneficiary under the statute. We understand that, to be protected from the effect of the *nunc pro tunc* entry, plaintiff must have been in the position of a *bona fide* purchaser for value: Freeman, Judgments (3 ed.),

§§ 66, 67; *Leonard* v. *Broughton,* 120 Ind. 536 (22 N. E. 731: 16 Am. St. Rep. 347, 355). In this case it is held:

"It appears, from the fact averred, that the judgments in favor of the appellants were rendered upon pre-existing obligations. Their rights were fixed prior to the rendition of the judgments, and it does not appear that they were misled, or that they parted with anything of value, or acquired any rights during the interval which elapsed between the date the judgment should have been properly entered and the making of the *nunc pro tunc* entry, except that they acquired a judgment lien; and the rule is that the general lien of a judgment creditor upon lands of his debtor is subject to all equities existing against the lands of the judgment debtor in favor of third persons at the time of the recovery of the judgment."

However independent of the effect of the entry of the judgment, the contract between Richardson and Davidson is the thing protected by the constitution, and the act increasing the dower is void as to such contract without reference to the entry of judgment or the creation of a lien, and therefore it is immaterial whether plaintiff's inchoate rights under the dower act can be affected by a *nunc pro tunc* entry or not. Defendant's right antedates the judgment and is such that the legislature cannot impair it, and plaintiff cannot complain of the *nunc pro tunc* entry, as the dower statute is without effect as to defendant's contract, regardless of the judgment: *Patton* v. *Asheville,* 109 N. C. 685 (14 S. E. 92) ; *Edwards* v. *Kearzey,* 96 U. S. 595 (24 L. Ed. 793) ; *Bronson* v. *Kinzie,* 42 How. (U. S.), 311 (11 L. Ed. 143) ; *Gunn* v. *Barry,* 15 Wall. U. S.), 610 (21 L. Ed. 212).

Therefore, the decision of this court heretofore rendered must be set aside, and the decree of the lower court is hereby modified as follows: That the plaintiff is entitled to dower in the lands described in the complaint to the extent of one-third part thereof, and the cause will be remanded to the lower court, with directions to proceed with the assignment of such dower in manner provided by law.

MODIFIED AND REMANDED.