## HERROD *v.* LARKINS.

Opinion delivered March 23, 1931.

PER CURIAM. Counsel for appellant asks for a rule on the clerk to direct him to file the transcript offered in this case. There appears as a notation from the judge's docket the following: "8/18/30. Judgment of lower court affirmed. 8/18/30, Motion for new trial filed; overruled; exceptions saved. Appeal prayed and granted and 60 days given to file bill of exceptions." The offered transcript also shows that motion for new trial was "filed 9/16/30."

Thus it will be seen that there is no final judgment entered of record from which an appeal will lie. In *Lowenstein* v. *Caruth*, 59 Ark. 588, 28 S. W. 421, it was held that the record of a judgment is the only evidence of its existence. Its enforcement does not depend upon its being entered of record, and an execution may be issued

upon it before it is recorded. To the same effect, see *McConnell* v. *Bourland,* 175 Ark. 253, 299 S. W. 44.

In the Lowenstein case, *Los Angeles County Bank* v. *Raynor,* 61 Cal. 145, was cited as authority for so holding. In that case the court said that the entry of record of a judgment is a mere ministerial act, which is required to be done for putting in motion the right of appeal from the judgment itself.

The notation on the judge's docket was not an entry of the judgment upon the records of the court. It might have been used as a basis for a motion to require the clerk to enter the judgment of record. *Lowe* v. *Hart,* 93 Ark. 548, 125 S. W. 1030; and *McConnell* v. *Bourland,* 175 Ark. 253, 299 S. W. 44.

If Herrod wished to appeal from the judgment, he should have filed a motion to require the clerk to enter it of record as well as the order overruling his motion for a new trial. This is in accord with the view expressed in *Chatfield* v. *Jarrett,* 108 Ark. 523, 158 S. W. 140. There the court said:

"The lawmakers have prescribed a certain time within which to take an appeal and perfect it, and it is the duty of appellant to take all necessary steps to perfect the record within that time which was deemed sufficient by the lawmakers for that purpose. If the judgment or decree has been omitted from the record, it is within the rights of the losing party to move for entry of it, and it is his duty to do so if he desires to appeal from it. It devolves upon him to take whatever steps are necessary to perfect his appeal."

It follows that the motion for a rule on the clerk to file the transcript must be denied.