HADLEY *v.* STATE.

4303

172 S. W. 2d 237

Opinion delivered June 7, 1943.

*Claud F. Cooper* and *Arthur Sneed,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

SMITH, J.   An information filed by the prosecuting attorney charged appellant with having violated § 3386, Pope's Digest. The case was, by consent, submitted to the trial judge, sitting as a jury, and a fine of $50 was imposed when the court held that appellant had violated this law, and from that judgment is this appeal.

The state has moved to dismiss this appeal for the alleged reason that there was no final judgment, and the case of *Herrod* v. *Larkins,* 183 Ark. 509, 36 S. W. 2d 667, is cited to sustain that contention. The record in that case showed only the notations on the docket of the trial judge, and we refused in that case to issue a rule upon the clerk of this court requiring him to file the transcript for the reason that there was no final judgment. But not so here. In addition to the notations upon the judge's docket, which are not properly a part of the record, the transript now before us shows a judgment entered in Criminal Record No. 5, p. 99, which recites that the court found the defendant guilty and assessed a fine of $50, that a motion for a new trial was filed and overruled, and exceptions saved and that an appeal was prayed and granted, and time given for filing a bill of exceptions and appeal bond fixed at $150. The appeal is, therefore, properly here.

The testimony upon which the case was heard consists largely of proof of statements made by appellant, and these are to the following effect. As a photographer, appellant took pictures which appear in the June, 1942, edition of *Sunshine and Health,* a monthly illustrated magazine. Appellant had stated that he was paid $5 for each of the pictures which he took and that in addition he won a prize for the excellence of his work. The pictures appearing in this magazine are all of nude men, women and children. The specific charge in the information is that appellant exhibited obscene pictures, to-wit: the nude pictures of girls over the age of puberty by

having the same published in the columns of the so-called. *Sunshine and Health* magazine. The picture to which the information refers is that of two young women completely nude. Appellant was shown to have admitted that he took this picture and received compensation from the magazine for doing so. Another picture shown to have been taken by appellant was that of a nude young woman in a sitting posture, which exhibited only her breasts, but the picture first above referred to left nothing for the imagination to supply.

Obscenity was an offense at the common law and many, if not all, of the states have statutes on the subject, and the statute under which appellant was convicted appears as art. II of division VI of chapter XLIV of the Revised Statutes of Arkansas, which in its entirety reads as follows:

"Section 1. Every person who shall appear in public places naked or partly so, with the intent of making a public exhibition of his nudity, or who shall make any obscene exhibition of his person shall be deemed guilty of a misdemeanor.

"Section 2. Every person publicly exhibiting any obscene or indecent pictures or figures, shall be deemed guilty of a misdemeanor.

"Section 3. Every person convicted under the provisions of the two preceding sections, shall be fined in any sum not less than fifty dollars."

Many cases define the word "obscene," but the definition most frequently employed is that it means something offensive to modesty or decency.

New York has legislation much more comprehensive on this subject than that of this state, appearing as § 1141 *et seq.* of the Penal Code of that state. Book 39 of McKinney's Consolidated Laws of New York Annotated has annotations on the penal laws of that state, and art. 106 of that work is devoted to the general subject of indecency, and note 14, p. 590, to that article contains the following statement: "The questions whether a picture is obscene or whether a publication is offensive to

decency are matters which fall within the range of ordinary intelligence, and a jury does not require to be informed by an expert before pronouncing upon them. *People* v. *Muller,* (1884), 96 N. Y. 408, 48 Am. Rep. 635, affirming 32 Hun. 209.''

At § 4 of the chapter on Lewdness, Indecency and Obscenity, 33 Am. Jur., p. 17, it is said: ''Obscenity was indictable at common law, on the ground that what tended to corrupt society amounted to a breach of the peace, and various acts and forms of obscenity are made criminal offenses by statute or ordinance. The word obscenity cannot be said to be a technical term of the law and is not susceptible of exact definition in its judicial uses, although it has been defined .in a general sense as meaning offensive to morality or chastity, indecent, or nasty. The statutes concerning obscenity are usually broadly worded so as to cover all possible methods of bringing the attention of decent persons to obscene papers, pictures, or articles. The test ordinarily followed by the courts in determining whether a particular thing is obscene within the meaning of the statutes is whether its tendency is to deprave and corrupt those whose minds are open to such immoral influences and into whose hands it may fall. Another test of obscenity is whether it shocks the ordinary and common sense of men as an indecency.''

The word ''obscene'' not being a technical term of the law, and not being susceptible of exact definition in its judicial or legal use, this question must in any given case be submitted to the jury as a question of fact and the finding of the court, sitting as a jury, as in the instant case, may not be disturbed if that finding is sustained by testimony sufficient to support that conclusion by an ordinary man of average intelligence.

It is true that many of the master works of art and sculpture are figures of nude men and women, and it is true also that some are more prurient than others, but these are questions of fact upon which the jury must pass, and we are unwilling to say as a matter of law that the verdict of court or jury finding that pictures

of attractive nude women are obscene is unsupported by substantial testimony.

Now, it is the public exhibition of obscene pictures or figures which is made unlawful in this state. Appellant is not the publisher of the magazine in which the pictures appeared, but he made their publication possible. He took the pictures, which exposed portions of the body which modesty would conceal, and he did this for the purpose of having the pictures published in a magazine and he received compensation for so doing. He was, therefore, *particeps criminis*. It was held in the case of *Fortenbury* v. *State,* 47 Ark. 188, 1 S. W. 58, that one who brings parties together for the purpose of committing a misdemeanor is *particeps criminis* and as guilty as those who actually committed the misdemeanor. This for the reason that under our law all who procure, participate in or assent to the commission of a misdemeanor are indictable as principals and may be punished as such. The case of *Foster* v. *State,* 45 Ark. 361, was cited to support this statement of the law, and many later cases are to the same effect. Section 2935, Pope's Digest so provides.

The magazine came into the Eastern District of Clay county where the trial was had and, after delivery, was seen by several and may have been seen by many. This was a public exhibition of the picture. There are many methods of public exhibition, the more common being by the use of billboards, by placing the object to be exhibited on counters or shelves or on walls of buildings, or in display windows, or in streetcars or buses, but it is doubtful if any of these, or all combined, accomplished as much publicity as that which a newspaper or magazine can give. We conclude, therefore, that a violation of our statute was shown, and the judgment must, therefore, be affirmed, and it is so ordered.