MADSEN *v.* BRADLEY.

256 S. W. 2d 728

Opinion delivered April 13, 1953.

*Ed B. Cook,* for appellant.

*Gene Bradley,* for appellee.

MINOR W. MILLWEE, Justice. On November 12, 1951, appellee obtained a default judgment in the sum of $347.59 against appellant in the Court of Common Pleas for the Chickasawba District of Mississippi County. After ordering judgment for the amount stated with interest and costs, the judgment concludes, ". . . for which execution shall issue." On November 17, 1951, the court clerk issued and the sheriff levied an execution upon appellant's personal property.

Appellant's motion to quash the execution on the ground that it was issued prematurely under our statute (Ark. Stats., § 30-102) was denied by the common pleas court.

The order of the circuit court on appeal, also overruling the motion to quash, recites: "And the court further finds that while the execution was issued within less than ten days from the date of the judgment, and that there was no application or petition to the court for issuing such execution in less than the required ten days, and that there was no hearing, and no notice of any hearing, of any application or petition, that the provision in the judgment, 'for which execution shall issue,' complied with § 30-102, Arkansas Statutes Annotated."

Section 30-102, supra, reads: "No execution shall issue on any judgment or decree, unless ordered by the court, until after the expiration of ten (10) days from the rendition thereof." The question presented is whether the proviso of the common pleas judgment meant that an execution might be issued immediately within the ten-day period, as the trial court found, or whether it meant that execution might issue in due course after expiration of the statutory period.

In construing the statute we have held that an execution, when ordered by the circuit court, might be issued upon a judgment immediately after its rendition. *Lowenstein* v. *Caruth*, 59 Ark. 588, 28 S. W. 421. A justice of the peace is without authority to issue an execution within ten days unless the plaintiff make oath that defendant is secreting or fraudulently disposing of his property. (Ark. Stats., § 26-1005). Here we are dealing with the judgment of a court of somewhat similar jurisdiction, but the act creating the Common Pleas Court of Mississippi County provides that the procedure shall be the same as in circuit court with certain minor exceptions. Act 452 of 1917.

The ten-day period provided by the statute was apparently designed to allow a defendant time to stay the judgment or the issuance of an execution thereunder.

928

While a close question is presented, we think a judgment should plainly show the court's intention to deprive a defendant of the time allowed by the statute and that the judgment herein does not measure up to this test. The appellant challenged the voidable execution in a timely manner.

The judgment is accordingly reversed and the cause remanded with directions to sustain the motion to quash.