Filed 9/6/16 A.R. v. L.N. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| A.R.,<br><br>        Appellant,<br><br>        v.<br><br>L.N.,<br><br>        Respondent;<br><br>FEINBERG, MINDEL, BRANDT &<br>KLEIN, LLP,<br><br>        Real Party in Interest and<br>        Respondent. | B266618<br><br>(Los Angeles County<br>Super. Ct. No. SF001525) |

        APPEAL from orders of the Superior Court of Los Angeles County. Shelley Kaufman, Judge. Affirmed.

        Weissburg Law Firm and Diane B. Weissburg for Appellant.

        L.N., in pro. per., for Respondent.

        Feinberg, Mindel, Brandt & Klein, Wallace S. Fingerett and Taylor Bouchard Wallin for Real Party in Interest and Respondent.

* * * * * * * * * *

In this paternity action, father A.R. appeals an order setting aside sanctions of $1,000 ordered against respondents mother L.N. and her counsel, Feinberg, Mindel, Brandt & Klein, LLP. This is father's second appeal from this order. In an unpublished opinion, we dismissed father's earlier appeal, finding that final judgment had not yet been entered (notwithstanding father's representations at oral argument that it had), and that the order vacating the sanctions award was not separately appealable. (*A.R. v. L.N.* (Aug. 10, 2015, B259753).)[1] Final judgment was entered following oral argument in the earlier appeal, father filed a notice of appeal from that judgment, and this appeal followed. Respondents contend[2] that father has waived any right to appeal the order vacating the sanctions award, and that the appeal is moot, as he has been paid the sanction. We agree, and in any event, find no merit in the contentions raised on appeal, and therefore affirm the orders below.

## BACKGROUND

Some of the following facts are from our earlier unpublished opinion and are provided for context only. (*A.R. v. L.N.*, *supra*, B259753.) "On July 18, 2011, father commenced this paternity action against mother to establish a parental relationship with the parties' minor child. The parties entered into a stipulation establishing father's paternity on September 30, 2011. Thereafter, the litigation became contentious, with numerous modifications of the court's temporary custody and visitation orders.

"The trial on custody took place on April 24, 25, May 1, 2, 15, and 16, 2014. On July 10, 2014, the trial court issued a lengthy statement of decision providing the parties with joint legal and physical custody of the child, and establishing a visitation schedule. The statement of decision reserved decision on the issues of child support and attorney fees. The trial court's statement of decision specified: 'Orders for child support and

---

[1]    Respondent Feinberg, Mindel, Brandt & Klein, LLP has requested that we take judicial notice of our earlier opinion. We grant the request.

[2]    Respondent Feinberg, Mindel, Brandt & Klein, LLP filed a substantive respondent's brief, to which mother filed a joinder.

2

attorney fees are not included in this Statement of Decision and will be addressed separately.' " (*A.R. v. L.N.*, *supra*, B259753.)

On July 24, 2014, the court conducted a trial on child support and attorney fees, and issued its tentative statement of decision in its minutes and orally on the record, ordering father to pay child support of $1,341 per month and to pay attorney fees of $54,550 to mother. The first payment of $25,000 was to be paid on or before September 2, 2014. The remaining balance was to be paid in equal installments of $5,910 per month, starting on October 1, 2014. The court asked whether the fees were to be paid directly to counsel, but mother's counsel indicated that the attorney fees should be paid directly to mother. No judgment on the reserved issues of child support and attorney fees was entered at that time.

On August 29, 2014, mother's counsel filed a notice of attorney lien, providing that it "has an attorney lien for legal services rendered on behalf of [mother] . . . . [¶] This lien shall attach to any personal and real property awarded to, charged to, or obtained by [mother] in this proceeding . . . ." The notice was served upon father.

On September 5, 2014, mother's counsel filed an ex parte application seeking modification of the court's attorney fee award, to make the fees payable to counsel rather than mother. The ex parte application urged that counsel had a lien on the attorney fees the court ordered payable to mother. The application also urged that counsel had erroneously requested that the fees be paid directly to mother. The trial court shortened time on the motion and set it for hearing on September 30, 2014.

On September 16, 2014, father filed a responsive declaration to the ex parte application, indicating that he did not consent to the requested order. The responsive declaration indicated that the first installment of attorney fees had already been paid to mother, and that counsel for mother was demanding that payment of the fees be paid to counsel, in violation of the court's July 24, 2014 order. The declaration also averred that mother's counsel was improperly seeking to enforce its lien against father. The declaration further averred that mother's "[c]ounsel should be forced to pay [father's] fees to defend this unjust request."

3

At the September 30, 2014 hearing, mother voiced her disagreement with the order sought by her attorneys, asserting that the fee issue was between her and her attorneys, and should not be reflected in the court's judgment. The trial court granted the requested modification, ordered that attorney fees would be payable to mother and her counsel jointly, and ordered mother and her attorneys to work out what was owed between them. At the hearing, father's counsel orally requested to be compensated for fees incurred in appearing at the hearing, asserting the hearing had nothing to do with father. She did not specify a code section under which she was seeking fees. The court "award[ed] sanctions of attorney's fees payable by [mother] and [mother's] counsel jointly and severally of $1,000" under Family Code section 271. Mother's counsel objected that there was no notice or an opportunity to be heard regarding sanctions under section 271, arguing that section 271 "requires formal notice . . . not an ex parte oral request."

On October 17, 2014, mother and her counsel filed an ex parte application to set aside the trial court's September 30, 2014 sanctions order. The memorandum of points of authorities argued that the order was void because Family Code section 271 requires notice, and sanctions can only be awarded against a party and not counsel. The motion, nevertheless, stated that the sanction had been paid by check dated October 8, 2014. The court shortened time on the motion, and scheduled it for hearing for October 22, 2014.

Father filed a lengthy opposition to the application, arguing that sanctions under Family Code section 271 may be levied against counsel, and that mother's ex parte application to vacate the sanctions award was an untimely motion for reconsideration. The opposition sought further sanctions under section 271.

At the October 22, 2014 hearing, the court found its September 30, 2014 order was void, concluding that Family Code section 271 does not authorize an award of sanctions against counsel. Father requested sanctions payable by mother, in the event that counsel could not be held liable, for having been "drag[ged]" to court by mother's ex parte applications. Mother's counsel argued that "we . . . paid the sanctions. We said [father] can keep the sanctions. We are not asking the court to give us back the money . . . ." The

4

court denied the request for additional sanctions, declined to impose sanctions against mother, and set aside its previous order.

On July 28, 2015, judgment on the reserved issues of child support and attorney fees was entered. On August 24, 2015, father filed a notice of appeal from "[a]n order or judgment under Code of Civil Procedure section 904.1(a)(3)-(13)."

## DISCUSSION

Father contends the trial court erroneously vacated its sanctions order against mother and her counsel, among other claims of error related to this order.[3] Respondents contend that this court lacks jurisdiction over the appeal because father failed to specify the orders he appeals from in his notice of appeal. Respondents also contend that father received the benefit of the sanction, and therefore waived any right to appeal the order setting the sanctions order aside.

### 1. Sufficiency of the Notice of Appeal

Respondents contend that father's failure to specify the order or orders appealed from in his notice of appeal divests this court of jurisdiction to consider father's appeal. "[N]otices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced." (*Luz v. Lopes* (1960) 55 Cal.2d 54, 59; Cal. Rules of Court, rule 8.100(a)(2).) It is clear that father was appealing from the final judgment in this case, given the timing of his notice of appeal. And, it was also clear from father's earlier appeal, which we dismissed as premature, that father's appeal concerns the order vacating the sanctions award. Therefore, respondents could not have been misled by father's somewhat ambiguous notice of appeal.

---

[3] Father's appellate brief raises a number of issues related to the court's order vacating the sanctions award. Father contends the court erroneously failed to assess sanctions against mother, individually, failed to assess additional sanctions following mother's ex parte application to vacate the sanctions order, and that the trial court erroneously allowed mother to seek relief on an ex parte basis, denying him due process.

5

**2.      Standing, Waiver, and Mootness**

Respondents also contend that father lacks standing, has impliedly waived his right to appeal, and that this appeal would provide no effective relief to father because he has been paid the sanction. (*Schmidt v. Retirement Bd.* (1995) 37 Cal.App.4th 1204, 1209 ["An aggrieved party has been defined as one who has an immediate, pecuniary, and substantial interest that is injured by the judgment . . . . [¶] . . . [¶] . . . [V]oluntary acceptance of the benefit of the judgment [also] bars an appeal from that judgment."]; see also *City of Cerritos v. State of California* (2015) 239 Cal.App.4th 1020, 1031 [" 'A case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief.' [Citation.]"].) We agree that because father has been paid the sanction at issue in this appeal, a reversal would provide no additional benefit to father.

Father claims the appeal is not moot, reasoning that mother's counsel will repeat its frivolous filing of ex parte applications in the future absent a ruling on the merits by this court. (See, e.g., *In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404 [An appellate court may also "exercise its inherent discretion to resolve an issue rendered moot by subsequent events if the question to be decided is of continuing public importance and is a question capable of repetition, yet evading review."].) We do not find this appeal presents a question of continuing importance.

In any event, father's claim of error lacks merit. Family Code section 271 does not permit imposition of sanctions against counsel. It contemplates that the conduct of a party or an attorney may result in sanctions, but the sanctions must be assessed against the party and not counsel. (*Orange County Dept. of Child Support Services v. Superior Court* (2005) 129 Cal.App.4th 798, 804 [section 271 sanctions are available only against a party].)

Moreover, Family Code section 271 requires notice and an opportunity to be heard. (*Id.*, subd. (b).) Here, there was no indication in father's filings prior to the September 30, 2014 hearing that he was seeking sanctions under section 271. Therefore,

6

neither mother nor her counsel was afforded a reasonable opportunity to respond to the sanctions request.

Accordingly, the court acted within its discretion in vacating the sanctions award. (*Mechanics Bank of Richmond v. Thole* (1971) 20 Cal.App.3d 884, 886 ["a void judgment may be vacated upon motion of the aggrieved party both under [Code of Civil Procedure] section 473 and independent of that section" (fn. omitted)].)

Moreover, father has not demonstrated that the court abused its discretion in declining to award additional sanctions, or in declining to award sanctions against mother individually. (*In re Marriage of Burgard* (1999) 72 Cal.App.4th 74, 82 ["A sanction order under Family Code section 271 is reviewed under the abuse of discretion standard."].) The conduct here was hardly egregious. Counsel was simply attempting to correct an error in the judgment, and elected to do so by way of ex parte application.

Lastly, we believe that there was no abuse of the ex parte process in these proceedings. The matters addressed by the ex parte applications here hardly merited noticed motions, and father submitted lengthy responses to the applications. Therefore, father's due process rights are not implicated.

## DISPOSITION

The orders are affirmed. Respondents are awarded their costs on appeal.


GRIMES, J.

WE CONCUR:


BIGELOW, P. J.



RUBIN, J.


7